[No. 4,402.]

## WM. H. WHITAKER v. BENJAMIN HAYNES.

EFFECT OF CODES ON ACT REGULATING FEES IN SAN FRANCISCO.—The Act of February 9, 1866, allowing the prevailing party, in certain actions tried in San Francisco, to include in his judgment five per cent. on the amount recovered, is not repealed by the codes.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

Action on promissory note. The plaintiff had judgment for $1,386. He included in his memorandum of costs and disbursements $69 30, being five per cent. on the judgment. The defendant moved to strike it out, on the ground that it was not allowed by law.

The sixth section of the Act referred to in the opinion reads as follows:

"The prevailing party shall be allowed five per cent. on the amount recovered, together with any sum by him so paid in a cause as costs and disbursements, to be included in the judgment against the adverse party; provided, said five per cent. shall be allowed only in litigated cases; and, provided, further, that said percentage shall not be allowed to exceed the sum of one hundred dollars on any one judgment."

The Court made an order sustaining the motion, and the plaintiff appealed from the order.

T. B. Bishop and W. H. Fifield, for the Appellant.

The above Act is still in full force, notwithstanding the codes; the officials mentioned still regulate their fees and charges according to its provisions. All its provisions are expressly continued in force by Sec. 4,331 of the Political Code, which reads: "Nothing in this Code not contained in this chapter, affects any of the provisions of the statutes relating to the compensation, salaries, or fees of county or township officers; but all such statutes are recognized as continuing in full force, notwithstanding the provisions of this Code, except so far as they are affected by or are inconsistent with the provisions of this chapter."

Again, section 19 of the Political Code, section 20 of the Civil Code, and section 18 of the Code of Civil Procedure, concur in providing that "No statute, law or rule is continued in force because it is consistent with the provisions of this Code on the same subject, but in all cases provided for by this Code all statutes, laws and rules heretofore in force in this State, whether consistent or not with the provisions of this Code, unless expressly continued in force by it, are repealed and abrogated," etc.

The codes make no provision for the fees of these officials of San Francisco, nor for the percentage claimed, and hence the Act of 1866 is not repealed by the codes.

*James C. Carey,* for the Respondent.

By the Court, RHODES, J.:

The 6th section of the Act of February 9, 1866, entitled "an Act to regulate fees in the city and county of San Francisco," (Stats. 1865-6, p. 68,) provides that the prevailing party in certain actions "shall be allowed five per cent. on the amount recovered," but not to exceed $100 on one judgment. The question presented is, whether this provision was repealed by the Code. The Code, while it provides for the recovery of costs, does not declare of what items costs shall consist. If the percentage in question is to be regarded as costs, or as in the nature of costs, it is not abrogated by section 18 of the Code of Civil Procedure, for it does not fall within "cases provided for by this Code," as specified in that section. If the percentage is not to be considered as costs, it is not abrogated or repealed by any provision of the Code to which our attention has been directed.

Order striking out the item of $69 30, claimed as percentage in the plaintiff's bill of costs, reversed, and cause remanded.