[No. 12859. In Bank. — May 23, 1889.]

JOHN PEREIRA, RESPONDENT, v. P. B. SMITH, APPELLANT.

APPEAL — REVIEW OF EVIDENCE. — The evidence in this case held sufficient to sustain the findings.

NEW TRIAL — EXCESSIVE DAMAGES. — There is no reason for holding the amount of damages excessive as ground for new trial, when the sum allowed is less than that claimed in the complaint, and the uncontradicted evidence of plaintiff shows that he suffered twice as much damage as that claimed.

FINDINGS — REQUEST BY PARTIES — DUTY OF COURT. — It is not allowable for parties to dictate what findings shall be adopted by the judge. Under the present system of findings, requests for findings are unnecessary and immaterial, and it is not error to disregard them, provided the court finds on all the issues, as it is bound to do, without request.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial.

The facts are stated in the opinion.

*F. D. & G. W. Nichol,* and *E. A. Rodgers,* for Appellant.

*F. W. Street,* and *I. M. Kalloch,* for Respondent.

FOOTE, C. — The plaintiff brought this action to enjoin the defendant from interfering with the former's use of certain natural waters of a stream claimed by the plaintiff as a prior appropriator, and for damages for injury already done in obstructing the flow of that water.

The plaintiff obtained a judgment as prayed for. From that, and an order denying a new trial, the defendant has appealed.

The main contention of the appellant appears to be that the court erred in making its fourth, seventh, eighth, ninth, tenth, eleventh, and twelfth findings of fact, and a long and vigorous argument, of many pages in extent, is devoted to the discussion of the evidence, or at least parts of it, as going to show that there was no evidence to support these findings.

A painstaking examination of all the evidence in the
record has satisfied us that the findings are supported
by it.

All the evidence as to damages suffered by the plain-
tiff was given by witnesses brought forward by him, the
defendant making no effort to controvert it.   The plain-
tiff, after giving an estimate of particular items of damage,
states that he suffered twice as much damage as he
claimed in his complaint, and it is not denied by any-
thing brought forward in the evidence by the defendant
that such is not the fact.   The complaint claims $500 to
be the damage suffered, and 'the judgment is for $325.
We perceive no reason, therefore, for saying that the
amount of damages found is excessive, or not in accord-
ance with the evidence.

It is further maintained by the defendant that the
court refused to make certain findings upon points re-
quested on his part.   It appears that the findings asked
for were written out, and the court was asked to adopt
them as its own.   This species of dictation as to findings
is not allowable.   Under the present system of findings,
requests for findings are unnecessary.   The court is
bound to find on all the issues without any request to do
so.   If it does so find, whatever requests may be made
may be disregarded.   The question in all such cases
must be whether the findings are sufficient, and the
presence or absence of a request is utterly immaterial.
In this case the findings are sufficient.   The refusal,
therefore, of the court to make the findings as presented
to it as facts in the case is not erroneous.

Upon the whole record, perceiving no prejudicial error,
we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing
opinion, the judgment and order are affirmed.

Rehearing denied.