[No. 13343.    Department One. — June 15, 1891.]

WHEATLAND MILL COMPANY, APPELLANT, *v.* WILLIAM PIRRIE, RESPONDENT, AND WHEATLAND MILL COMPANY, RESPONDENT, *v.* WILLIAM PIRRIE, APPELLANT.

TRIAL — SUBMISSION OF CAUSE — DECISION — REQUEST FOR FINDINGS OF LAW. — Where a cause has been tried and submitted for decision to the court upon the law and facts, and the court has orally announced its decision, but has not filed its findings, it cannot be compelled to pass upon propositions of law submitted to it as proposed findings.

SAN FRANCISCO — ACT TO REGULATE FEES — PERCENTAGE UPON JUDGMENT — REPLEVIN. — Section 6 of the act of February 9, 1866, entitled "An act to regulate fees in the city and county of San Francisco," which provides that the prevailing party in certain actions, shall be allowed five per cent on the amount recovered in litigated cases, not exceeding one hundred dollars on any one judgment, does not include a judgment in the alternative in an action of replevin for the return of the property, or its value with interest.

APPEAL by the plaintiff from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial, and appeal by the defendant from an order retaxing costs.

The facts are stated in the opinion.

*Mastick, Belcher & Mastick,* for Wheatland Mill Company.

It is the duty of the trial court to rule on all such propositions of law, pertinent to the case, as may be presented by either party; and such is the practice prescribed by this court from the earliest times. (*Griswold* v. *Sharpe,* 2 Cal. 17, 23; *Touchard* v. *Crow,* 20 Cal. 150, 163; 81 Am. Dec. 108; *Estate of Page,* 57 Cal. 238; *Wilson* v. *Wilson,* 64 Cal. 92.)

*Cope, Boyd & Fifield,* and *Lloyd & Wood,* for William Pirrie.

After counsel have submitted the case for decision, it is in the hands of the court, and the court performs its duty when it renders its decision in writing, and finds the facts and conclusions of law. Nothing more can be required of it. (*Vide Pereira* v. *Smith,* 79 Cal. 232; *Edgar* v. *Stevenson,* 70 Cal. 287; *Porter* v. *Woodward,* 57 Cal. 537, 538.) The court erred in striking the one hundred dollars percentage from the cost bill. The statute provides that in every litigated case the prevailing party shall have five per cent upon the amount recovered as a part of his costs. This was a litigated case. This statute is still in force. (*Whitaker* v. *Haynes,* 49 Cal. 596; Stats. 1865–66, pp. 66–68.)

FOOTE, C. — This is an action of claim and delivery for a quantity of flour by the Wheatland Mill Company against William Pirrie.

Judgment was rendered for the defendant for the return

of the flour which the plaintiff had received, or the value thereof and interest. From that judgment, and an order refusing a new trial, the plaintiffs have appealed.

The defendant appeals from an order retaxing costs, by which the sum of one hundred dollars, claimed as percentage under section 6 of the act of the legislature to be found in the Statutes of 1865–66, at page 66, in relation to fees in the city and county of San Francisco, was struck from his memorandum of costs.

The appellant contends that the trial court committed error "in denying their request that it would pass upon certain propositions of law presented by plaintiff, and give the same as applicable to the case, and in refusing to pass upon said propositions and to rule that the same were correct and applicable to the case."

The cause came on to be tried, the court sitting without a jury, on the twentieth day of March, 1888, and on that day, upon the evidence produced, was considered and heard by the court; and it was then submitted for decision on briefs to be filed by respective counsel, which was done. On the fourth day of May following, the court announced its decision orally for the defendant.

Upon the sixteenth day of the same month, before the written findings were filed, the propositions of law, which are nothing more than instructions *to* the court *by* the court, put in such a form that such tribunal could answer yes or no, and thus put itself on record as to its views of the proposition of law therein involved, were presented to the court, and it refused to consider them, making two indorsements thereon on the twenty-first day of May, 1888; one indorsement refusing to pass upon or give them as applicable to the case, the other treating them as proposed findings, and refusing the request to sign and settle the same, because the court had upon that day signed and filed findings of fact in accordance with its decision.

We fail to perceive any good ground upon which it

ought to be contended that the practice as here suggested should be held to prevail in any court.

If rulings are needed as to the admission or exclusion of evidence involving the determination of questions of law, or rulings upon a motion for a nonsuit, or upon any motion or matter which may arise during the progress of the trial, and which are authorized by law to be determined by the court when counsel on both sides may be present and can state their views, such rulings can be had before the cause is submitted to the court for final decision.

But upon what sound reason a court to whom a cause, upon the law and facts, after hearing, has been submitted for decision, and the trial has practically ended, can then be compelled to instruct itself as a jury, and at the same time prematurely commit itself as a court to propositions of law in advance of its decision which is made by its findings of fact and conclusions of law, we do not perceive. There is no statutory provision which prescribes any such course of action, and we can see nothing whatever to recommend it. None of the cases cited by appellant are, we think, in point.

If the propositions are to be considered as findings presented to the court, then it was a species of dictation to which the court was not compelled to submit. The question in all such cases is, whether the written findings made by the court are sufficient; and the presence or absence of a request to make findings is utterly immaterial. And there is nothing here to show that the findings made were insufficient. (*Pereira* v. *Smith,* 79 Cal. 233.)

The further point is made that the findings of the court as to the ownership of the property for the possession of which the action was brought are not sustained by the evidence. We do not concur in this view of the matter, and think the evidence was sufficient.

It does not seem to be questioned by either party here, but that the statute under which this percentage may

be recovered is still in force, as decided in *Whitaker* v. *Haynes*, 49 Cal. 596.   That statute is, in effect, that "the prevailing party shall be allowed five per cent on the amount recovered, etc., in litigated cases," not to exceed one hundred dollars on any one judgment.

The test here is, What is the meaning to be given to the words "amount recovered" as to the judgment under consideration?

It is in the alternative, under section 667 of the Code of Civil Procedure, for the return of the property mentioned in the complaint, or in case a return thereof cannot be had, for the sum of $1,837.50 and interest, making in the aggregate $2,386.85, with interest on that amount at seven per cent from rendition of judgment, and costs on which *amount*, to the extent of one hundred dollars, the percentage was claimed.   The *amount* recovered is not the primary and absolute result of the judgment. It may never be recovered, because the whole property or a part thereof may be returned, in which event there would be a percentage given for an *amount* which was *not recovered* at all.   And in this case it does not appear whether the property, or any part of it, would be returned or not.

Hence we do not think that the statute in question includes such a judgment as the one in hand.   It follows that the judgment and order refusing a new trial, and the order retaxing costs, should be affirmed, and we so advise.

TEMPLE, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order refusing a new trial, and the order retaxing costs, are affirmed.