## RICKS et al. v. LINDSAY.

### No. 14,856; October 29, 1892.

#### 31 Pac. 262.

**Findings—Refusal of Court to Adopt.**—It being the duty of the court to find on all issues without any request, refusal to adopt a requested finding prepared by counsel is not error, the only thing necessary being that the findings cover all the issues and be sufficient.

APPEAL from Superior Court, Humboldt County; G. W. Hunter, Judge.

Action by A. A. F. Ricks and others against N. G. Lindsay. Judgment for defendant. Plaintiffs appeal. Affirmed.

Weaver & Crowe for appellants; J. N. Gillett for respondent.

BELCHER, C.—It is alleged in the complaint in this case
that the plaintiffs were the owners, as tenants in common,
of a strip of land in the city of Eureka, described as a strip
fifteen feet wide, and extending from the southeast corner of
Tenth and H streets southerly along the east side of H street
one thousand and eighty-one feet, and that on the thirteenth
day of May, 1890, the defendant unlawfully entered upon the
said strip, and took down and removed therefrom a fence placed
thereon by plaintiffs, to their damage in the sum of $250, for
which they prayed judgment. The answer of the defendant
alleged that the said strip of land was and is a part of H
street, an open public highway within the corporate limits of
the city of Eureka, and that the plaintiffs had no right to the
use, occupation, or possession of said strip, or any part thereof;
that during all the times mentioned in the complaint defend-
ant was the city marshal of said city, and that the common
council thereof had power to regulate all streets in the city,
of which H street was one; that on or about the first day of
May, 1890, the plaintiffs unlawfully encroached upon and
obstructed the said street by building the said fence thereon;
that on the sixth day of May, 1890, the corporate authorities
of the city passed an order or resolution directing defendant,
as city marshal, to remove all obstructions on H street; and
that defendant thereafter, acting under said order, and not
otherwise, removed said fence from said strip quietly and
peaceably, the same being a public nuisance. The case was
tried by the court, without a jury, and, after finding sundry
probative facts, the court found as follows: "That the land
described in plaintiffs' complaint is a portion of that part of
H street lying between said Tenth and Fourteenth streets, and
is a strip on the east side thereof, fifteen feet wide and one
thousand and eighty-one and eight-tenths feet long. That in
the month of April, 1890, plaintiffs inclosed said strip of land
with a fence. But subsequently, and prior to the bringing of
the action, the plaintiffs themselves tore down that portion of
said fence erected between Tenth and Eleventh streets, leav-
ing involved in this action only the fifteen feet extending from
Eleventh to Fourteenth streets. That the defendant, acting
as marshal of the city of Eureka and under the direction of
the common council thereof, removed said fence from said
strip of land lying between Eleventh and Thirteenth streets

and from said H street. That defendant removed the same quietly and peaceably, and that said act of defendant in so removing the same is the alleged act of trespass complained of by the plaintiffs herein, and none other.'' And the court further found, as conclusions of law, as follows: ''(1) That H street, from Tenth to Fourteenth streets, as above set forth, is a public street for travel, seventy-five feet wide, for all persons having occasion to go that way on foot or with teams; (2) that the fence removed by defendant was an encroachment upon and an obstruction to said H street, and the defendant had the right to remove the same therefrom, and is entitled to a judgment for his costs herein expended.'' Judgment was accordingly entered that the plaintiffs take nothing by their action, and from that judgment and an order denying their motion for a new trial they have appealed. The motion for new trial was made upon a bill of exceptions, which contains numerous specifications of errors in law committed by the court, but no specifications, or attempted specifications, of the particulars in which the evidence is alleged to be insufficient to justify the decision. Only one error in law is referred to in the brief of appellants, and we may assume, therefore, that the other alleged errors are waived. But, whether waived or not, it is enough to say of them that we think the rulings of the court were proper. The error relied upon is that the court refused to adopt a certain finding of facts which plaintiffs prepared and requested the court to make. It does not appear that any exception was taken to this refusal, but, conceding that the point can be made without an exception, still we see no error in the action of the court. Under our present system of practice, the court is bound to find upon all the issues without any request to do so, and the parties here have no right to dictate as to what findings shall be adopted. Requests for findings are therefore unnecessary, and it is not error to disregard them.

The only question is, Do the findings cover all the issues, and are they sufficient? Pereira v. Smith, 79 Cal. 232, 21 Pac. 739. The only other point made for a reversal of the judgment and order is that the conclusions of law were not justified by the facts found. The point is argued upon the theory that it does not necessarily result from the probative facts found that the strip of land in controversy was a part of

H street, and so dedicated to public use. We do not think this point can be sustained. The probative facts found do, in our opinion, plainly tend to show that the strip was a part of the street, and was dedicated to the use of the public. It is not, however, necessary to determine whether the conclusions drawn by the court necessarily result from these facts or not. The court, as we have seen, also found, as an ultimate fact, "that the land described in plaintiff's complaint is a portion of that part of H street lying," etc. That finding evidently justifies the conclusions of the court, and, as it is not assailed, it must be accepted as true. It follows that the judgment cannot be reversed upon any of the grounds urged, and we therefore advise that it and the order denying a new trial be affirmed.

We concur: Temple, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.