[Civ. No. 1516.   Second Appellate District.—January 30, 1915.]

WEINSTOCK-NICHOLS COMPANY (a Corporation), Respondent, v. T. F. COURTNEY et al., Appellants.

FINDINGS—NONRESIDENT JUDGE—PLACE OF SIGNING—RULE UNCHANGED BY CODE AMENDMENT.—A superior judge who presides at the trial of an action outside of his county has the power to settle and sign the findings in the county of his residence, and the amendment of 1913 to section 634 of the Code of Civil Procedure has not changed the rule.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Wm. D. Dehy, Judge presiding.

The facts are stated in the opinion of the court.

Avery & French, for Appellants.

Oscar Lawler, and James E. Degnan, for Respondent.

JAMES, J.—A technical question only is presented on this appeal taken from a judgment entered against the defendants.   It is presented on the judgment-roll.

Appellants contend that the superior judge of Inyo County, who sat at the trial in Los Angeles County, was without power to settle and sign the findings in the county of his residence.   The right of a judge of one county to make up and sign findings in a county other than that in which the trial has been had has long been settled by the decisions of our supreme court.   (*Comstock Q. M. Co.* v. *Superior Court,* 57 Cal. 625; *Walter* v. *Merced Academy Assoc.,* 126 Cal. 582, [59 Pac. 136]; *Estudillo* v. *Security Loan etc. Co.,* 158 Cal. 66, [109 Pac. 884].)   Appellants admit the law is so established, but contend that by reason of an amendment made

to section 634 of the Code of Civil Procedure by the legislature of 1913 [Stats. 1913, p. 58], the signing of the findings constituted a judicial act, which of necessity to be valid should be performed at the place where the cause was pending.    The amendment referred to provides as follows: ''In all cases where the court directs a party to prepare findings, a copy of said proposed findings shall be served upon all the parties to the action at least five days before findings shall be signed by the court, and the court shall not sign any findings therein prior to the expiration of such five days.''    How this amendment made the signing of the findings any more or any less of a judicial act than it had theretofore been we are unable to comprehend.    The amendment relates merely to steps to be taken where the court requires counsel to prepare findings; no doubt for the purpose of aiding the court by allowing time within which suggestions may be made by the opposite party.    In the end, the court would not be bound to enter either the offered findings or adopt any of the suggestions made, and might discard the whole and proceed to make up its own findings, as theretofore permitted to be done. The supreme court has said in the cases cited that the findings become effective as a decision only when filed, and that it matters not where the judge deliberates upon the same, or where he attaches his signature thereto, so long as the findings are filed in the proper court by the proper officer; that the judgment entered by the clerk, which follows, will then be regular.    If the legislature had any intention of requiring a nonresident judge to make his findings in the county where the trial is had, it could very easily have so directly provided.    But no such intention can be gathered from the terms of the amendment quoted.

The decision made by the supreme court in the case of *People* v. *Ruef,* which is printed in volume 14 of the California Appellate Reports, at page 621, [114 Pac. 48, 54], referred to the matter of the regularity of an order of that court granting a rehearing where one of the members of the court concurring in the order was out of the state at the time the order received the required number of signatures.    Nothing that is said in that decision can, in our opinion, be taken to overrule in the slightest the cases establishing the law to the contrary of appellants' contention here.    The main point of appellants' argument has now been considered.    Accompany-

ing that consideration the assumption has been made that the record fully presents the necessary facts upon which to predicate the contention advanced. As a matter of fact, there was no bill of exceptions and nothing appears in the record from which it can be deduced that the findings were in fact signed outside of Los Angeles County. There is printed as a part of the judgment-roll (it has no place there under section 670 of the Code of Civil Procedure) what purports to be a written notice given by counsel for the plaintiff to counsel for defendants that on a certain date the findings would be presented to the judge at the county seat of Inyo County. Discarding from consideration this notice, there is absolutely nothing shown which even suggests that the findings *might* have been signed in the county of Inyo. It is consistent even with the terms of the notice to assume that the findings were signed in Los Angeles County. All presumptions must favor the regularity of the judgment.

Respondent insists that the appeal is so devoid of merit as to be properly characterized as frivolous and asks that a penalty be imposed. This demand has led us to consider the alleged merits of the appeal as broadly as any reasonable view will permit. Had there seemed to be merit in the main contention of appellants, then, even though the record in its imperfect state failed to fully present the question, we would hesitate to enforce a penalty. But the question presented was one which had been directly decided by the supreme court and the decisions had stood for many years uniformly to a conclusion flatly adverse to appellants' contention. The amendment to section 634 of the Code of Civil Procedure, seems not to touch the question on any angle. The trial court determined that a large sum of money had been collected by the defendants for the use of plaintiff, which plaintiff was entitled to and for which the judgment was entered. There appears to have been no appeal taken whereby the correctness of that determination was controverted.

This appeal appearing to be frivolous and apparently for purposes of delay, it is ordered: That the judgment appealed from be affirmed; that in addition to the costs provided to be collected by the respondent, respondent recover from the appellants the sum of one hundred dollars as damages.

Conrey, P. J., and Shaw, J., concurred.