[Civ. No. 8172. First Appellate District, Division One.—December 31, 1931.]

CORNELIUS MURPHY et al., Appellants, v. M. SHEFTEL et al., Respondents.

Frank L. Guerena and Lionel B. Browne for Appellants.

Jerome H. Bayer and G. C. Ringole for Respondents.

THE COURT.—Claiming that the findings in the above-entitled cause are ambiguous as to certain matters of fact which are controlling in the determination of the merits of the appeal, appellants seek, by way of petition to take additional evidence (Code Civ. Proc., sec. 956a, and Rule XXXVIII of the Supreme and District Courts of Appeal) and a motion for an order in diminution of the record, to have incorporated in the record on appeal, as extrinsic aids in the construction of said findings, the drafts of the proposed findings and proposed amendments and additions thereto, prepared by the respective parties prior to the signing of the findings, and used in the settlement thereof.

We are of the opinion that the documents referred to cannot be utilized for such purpose. They form no part of the judgment-roll (Code Civ. Proc., sec. 670), nor were they of any legal significance whatever after the findings were settled, signed and filed. (*Weinstock-Nichols Co.* v. *Courtney,* 26 Cal. App. 445 [147 Pac. 218].) As pointed

out in the case last cited, the amendment to section 634 of the Code of Civil Procedure, from which the trial court derives its authority to direct the preparation of findings, was intended merely as an aid to the court in the settlement of the findings, by allowing time within which suggestions may be made by the respective parties; and that consequently the trial court is not bound to accept the proposed findings, nor to adopt any of the suggestions made, but may discard the whole and proceed to make up its own findings, as theretofore permitted. Therefore, as indicated, after the findings herein were settled, signed and filed, the documents referred to possessed no value whatever, either evidentiary or otherwise; and that being so, they cannot be considered for any purpose in the determination of the appeal.

Moreover, the findings of fact and conclusions of law constitute the decision of the trial court, which is the final, deliberate expression of the court (*De Cou* v. *Howell*, 190 Cal. 741 [214 Pac. 444]) and any ambiguity therein is to be resolved in favor of sustaining the judgment (24 Cal. Jur. 1009) and it has been definitely held that the provisions of said section 956a and Rule XXXVIII may not be invoked for the purpose of bringing about a reversal of a judgment, but may be resorted to only where the new evidence sought to be taken would lead to the rendition of such a judgment in the reviewing court as would affirm, or modify and affirm, the judgment of the trial court, thus terminating the litigation. (*Tupman* v. *Haberkern*, 208 Cal. 256 [280 Pac. 970]; *First Nat. Bank of Findlay* v. *Terry*, 103 Cal. App. 501 [285 Pac. 336]; *Estate of Wirt*, 207 Cal. 106 [277 Pac. 118].)

For the reasons stated, the petition and the motion are and each of them is denied.