[Civ. No. 16895.   Second Dist., Div. Three.   Dec. 30, 1949.]

THOMAS HADGES et al., Appellants, v. PAUL E. IVER-
SON, Respondent.

Thomas Hadges, George Hadges and Demosthenes Hadges, in pro. per., for Appellants.

Paul E. Iverson, in pro. per., for Respondent.

WOOD, J.—Appeal by plaintiffs from an order granting defendant's motion to dismiss, and from an order dismissing, the action for want of prosecution.

On December 10, 1942, plaintiffs sued the defendant, an attorney at law, for damages for allegedly failing to represent them skillfully, as their attorney, in the trial of a municipal court action wherein these plaintiffs had been sued upon an account for groceries and merchandise. Summons and complaint in this action were served on defendant on December 21, 1942, and at said time the defendant was on active duty in the United States Navy. Defendant did not appear in the action, except to file two affidavits and a notice of motion as hereinafter mentioned.

About October 18, 1945, the defendant called one of plaintiffs' attorneys by telephone, and told him that defendant was about to be placed on inactive duty in the Navy, and requested that the action be dismissed or that he be permitted to take the depositions of plaintiffs. The attorney replied that he would contact the plaintiffs about the matter. On October 31, 1945, plaintiffs' attorneys wrote a letter to Thomas Hadges, one of the plaintiffs, in which he stated: "Mr. Iverson [defendant] is back from the service and phoned me the other day. He wants to do something about the suit against him. I am still attorney of record in that. Probably I should be substituted out. If I am not I shall have to accept service on your behalf. Please let me hear from you." That letter was addressed to the plaintiffs' post office box address,—Post Office Box 25, Station "M," Los Angeles 32, California. On November 7, 1945, the defendant, not having heard from said attorney, called him again by telephone and the attorney told the defendant that "he had been unable to contact his clients [plaintiffs]." In that conversation defendant told the attorney that if the case was not dismissed he would like to take the depositions of the plaintiffs before filing an answer. The attorney replied that if plaintiffs would not agree to a dismissal of the action the attorney could accept service of a notice to dismiss or of a notice to take depositions, but he could not supply the residence address of plaintiffs. After plaintiffs had received said letter of October 31st from their attorney, they

prepared, and sent to the attorney on November 9th, a document entitled "Substitution of Attorneys," which provided that plaintiffs were substituted to act for themselves in the place of their attorneys of record. On November 10, 1945, the attorneys signed that document and returned it to plaintiffs, who then filed it in the clerk's office and notified the defendant that the substitution had been made. On November 14, 1945, defendant received a letter from one of plaintiffs' former attorneys, which letter stated in substance that he had received a "Substitution of Attorneys" from the plaintiffs, that plaintiffs would be acting for themselves, and that they gave no residence address, but the address on the substitution was "Thomas Hadges P. O. Box 25, Station 'M,' Los Angeles 32, Calif." On November 15, 1945, defendant filed in this action an affidavit entitled "Affidavit in Support of Order Requiring Plaintiffs to File and Address Where They Can Be Served With Process." In that affidavit he stated that the action was filed on December 10, 1942, and that he (defendant) "desires to have this action disposed of and, if necessary, to appear in the action, to take the depositions of the plaintiffs before pleading to the complaint"; and that defendant "is informed and believes . . . that the plaintiffs are intentionally secreting themselves to avoid service of process upon them." On said date the court made and filed an order entitled "Order That Plaintiffs File an Address Where They Can Be Served With Process." It was ordered therein: that the plaintiffs serve upon defendant and file in said court a notice of their residence addresses or other addresses where personal service of process can be made upon them; defendant shall not be required to file a pleading in said action until 20 days after the serving and filing of such notice; said order and the defendant's affidavit shall not be considered as an appearance by defendant, nor shall they prejudice the rights of defendant; and a copy of said order and affidavit be mailed to plaintiffs, addressed to "Thomas Hadges, P. O. Box 25, Station 'M,' Los Angeles 32, Calif." On November 16, 1947, the defendant mailed a copy of the order and a copy of the affidavit to Thomas Hadges as directed in said order. Thomas Hadges received said copies of those documents. None of the plaintiffs served or filed his residence address or any address as required by said order.

On February 10, 1948, defendant filed a "Notice of Motion to Dismiss Action Under C.C.P. 581a and 583." Said notice stated that the motion would be made on the following

grounds: (1) that plaintiffs failed to have judgment entered within three years after service of summons although no answer had been filed; (2) that plaintiffs failed to bring said action to trial within two years after it was filed; and (3) that plaintiffs failed to bring said action to trial within five years after it was filed. In support of said motion, the defendant also filed on February 10, 1948, his affidavit which stated: that he has not entered into any written stipulation with any of the plaintiffs or their attorney that the time of trial should be postponed for any time; that he never concealed himself from the plaintiffs and, although he has been absent from California from time to time since the filing of said action, he has at all times maintained a law office at 215 West Sixth Street in Los Angeles, which fact at all times herein mentioned has been well known to plaintiffs and their attorney. Said notice of motion to dismiss, and the affidavit in support of said motion, were served on the plaintiffs on February 9, 1948, by sending a copy of said motion and affidavit to each plaintiff by mail to said post office box address. On March 1, 1948, the motion to dismiss was heard and granted, and thereupon the court made an order dismissing the action under the provisions of sections 581a and 583 of the Code of Civil Procedure.

Section 581a of the Code of Civil Procedure provides in substance, insofar as material here, that an action must be dismissed by the court on its own motion, or on motion of any party, if summons has been served, and no answer has been filed, if the plaintiff fails to have judgment entered within three years after service of summons.

Said section 583 provides in substance, insofar as material here, that the court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after the action is filed to bring such action to trial, except where the defendant has been absent from the state or concealed therein. Any action shall be dismissed by the court on motion of the defendant after due notice to plaintiff, or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where the defendant has been absent from the state or concealed therein.

Appellants contend that said sections 581a and 583 were suspended during the war and were superseded by the

Soldiers' and Sailors' Civil Relief Act of 1940 (54 Stats. 1178, 50 U.S.C.A. App. § 501 et seq.); and that the time during which the defendant was in the military service should not be counted as a part of the time in which appellants were required to bring the action to trial. They argue that under the provisions of that act it would have been impracticable and futile for appellants to proceed to trial; that if appellants had attempted to try the case while defendant was in the military service the court would have been required to determine, under the provisions of section 521 of said act, that the ability of the defendant to conduct his defense was materially affected by his military service and the court would have been compelled to grant a stay of proceedings; and that if the appellants had obtained a judgment against the defendant, the defendant upon his discharge from the service could have had the judgment set aside and the proceedings reopened. Those arguments indicate that appellants were of the opinion that they could rely upon the provisions of the Soldiers' and Sailors' Civil Relief Act to excuse their actions in delaying the trial. "Section 521 is manifestly a statute for the benefit of the party who is in military service and grants no privileges to his adversary." (*Thornley* v. *Superior Court,* 89 Cal. App.2d 662, 663 [201 P.2d 567].) It was also said in that case at page 664, that said act "was enacted for the benefit of one in the military services and that it is not available beyond its express terms to his adversary to excuse his noncompliance with the mandatory provisions of the state statute." ▮ In the present case, as above stated, appellants' attorney notified them on October 31, 1945, that defendant "is back from the service" and "wants to do something about the suit against him." From said October 31st to February 10, 1948, when defendant filed his motion to dismiss the action, a period of approximately two and one-fourth years elapsed. Therefore, even if it be assumed that appellants should be excused, under the provisions of said act, from attempting to bring the action to trial during the period of approximately three years from the filing of the complaint to said October 31st, there was a period of approximately two and one-fourth years thereafter during which appellants failed to exercise due diligence to bring the action to trial. It appears that appellants, upon being informed by their attorney that the defendant was back from the service and wanted to do something about the suit, immediately engaged in conduct which was calculated to delay the trial. In the letter of Octo-

ber 31, 1945, wherein appellants' attorney so informed them, he also stated in effect that if he remained their attorney he would have to accept service on behalf of appellants. Thereupon appellants discontinued the services of the attorney and filed a document which recited that they would represent themselves in the action, but they did not disclose in that document or at all their residence addresses or any address where service of process could be made upon them personally. After defendant had obtained an order of court directing the appellants to file a notice of their residence addresses or other addresses where personal service of process could be made upon them, and after said order had been served upon appellants by mail sent to their post office box address, they did not comply with the order. It would seem that if they were trying diligently to bring the action to trial they would have furnished such addresses. Instead of complying with the order, they appealed therefrom, and then they filed in the Supreme Court a petition for a writ of mandate commanding the superior court to vacate said order. (They were unsuccessful in the matters of the appeal and the petition.) The statement in the affidavit of defendant, which he filed on November 15, 1945, in support of his application for said order of court, that he ''desires to have this action disposed of'' was a clear indication that defendant was not then relying upon the provisions of the Soldiers' and Sailors' Civil Relief Act, and that the action could be brought to trial without involving those provisions. Reasonable diligence on the part of appellants required that they examine that affidavit. It is reasonable to infer that appellants knew, during a period of approximately two and one-fourth years immediately preceding the dismissal, that the action could be brought to trial irrespective of the provisions of said act. The appellants did nothing during that period to bring the action to trial, but on the contrary it appears that they endeavored to delay the trial. ''The duty rests upon the plaintiff at every stage of the proceeding to use diligence and to expedite his case to final determination.'' (*Smith* v. *Wiget*, 75 Cal.App.2d 591, 595 [171 P.2d 563].) Under the provisions of section 583 of the Code of Civil Procedure, as above stated, a court may in its discretion dismiss an action for want of prosecution whenever the plaintiff has failed for two years after the action is filed to bring the action to trial. The trial court exercised sound discretion in dismissing this action for want of prosecution.

■ Appellants filed herein a petition for augmentation of the record, and this court deferred ruling on the petition until the appeal was considered on its merits. It was sought by the petition to include in the record a portion of the oral proceedings had at the hearing of the motion to dismiss. That portion of the proceedings was a statement to the effect that Mr. Thomas Hadges was authorized to appear for the plaintiffs. That portion of the proceedings is not a necessary part of the record. It was also sought by the petition to include in the record photostatic copies of three letters written by one of plaintiffs' attorneys. Those letters were not before the court upon the hearing of the motion to dismiss and they should not be included in the record. Also it was sought to include in the record the verification of the complaint, and an affidavit of defendant in opposition to the petition for a writ of mandamus, and the petition for said writ. These were not necessary and material parts of the record. The petition for augmentation should be denied.

The order granting defendant's motion to dismiss the action, and the order dismissing the action, are affirmed. The petition for augmentation of the record is denied.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied January 18, 1950, and appellants' petition for a hearing by the Supreme Court was denied February 27, 1950.