[Civ. No. 18311. Second Dist., Div. One. Nov. 6, 1951.]

JUNE VAN DER MOST, a Minor, etc., Respondent, v. MAX WORKMAN, Appellant.

Clifton A. Hix for Appellant.

Clark Heggeness for Respondent.

WHITE, P. J.—Defendant has appealed from a judgment against him for $3,500 entered after trial before the court, sitting without a jury, in an action for personal injuries sustained by the plaintiff when she was struck by an automobile operated by the defendant. He has also attempted to appeal from the order denying his motion for a new trial.

It is contended that the evidence was insufficient to establish negligence on the part of defendant; that the evidence discloses contributory negligence on the part of plaintiff; that the findings of fact are unsupported by the evidence; that a statement of the trial judge at the close of the trial shows that he "violated defendant's substantial rights"; and that it was error to deny defendant's motion for a new trial.

On the date of the accident, January 22, 1944, plaintiff was 10 years of age. She and her brother Alvin were passengers on a bus proceeding south on Capitol Drive in San Pedro. The bus stopped at the intersection of Capitol Drive and Senate Drive, where plaintiff alighted. She remembered nothing concerning the accident until she awoke in the hospital.

Senate Drive, running in an easterly and westerly direction, intersects Capitol Drive from the west, forming a "T" intersection. The bus stopped at the northwest corner of the intersection, opposite the sidewalk on the north side of Senate Drive. Plaintiff was attempting to cross to the east side of Capitol Drive, having walked in front of the standing bus, when she was struck by defendant's automobile, which was coming from the north and passing the bus on the left side. Plaintiff's brother testified that his sister got off the bus ahead of him. When he was standing near the curb at the northwest corner he saw his sister approximately 15 feet out into the street, where she was struck. He estimated the speed of defendant's automobile at 30 to 35 miles per hour, and said it was "going pretty fast." He saw his sister, after the impact, "fly through the air" and come to rest at a point near the southwest corner of the intersection. He did not hear the defendant sound his horn. The defendant's automobile came to a stop at a point approximately 100 feet south of the intersection.

The defendant, corroborated by his wife, who was riding with him, testified that he passed the bus at a speed of 15 miles

per hour. He knew that the bus had pulled over to let off passengers. He first observed the plaintiff just prior to the impact, but did not see whether she was walking, running or standing. That he thought she ran into the front door of his vehicle.

Police officers who arrived at the scene about five minutes after the accident, found a ''brush mark'' in back of the upper hinge on the right front door and blood on the pavement 9 feet south of the north curb of Senate Drive and 17 feet east of the west curb of Capitol Drive. Capitol Drive is 30 to 35 feet wide at the intersection.

It cannot be held that the findings of the trial court are without evidentiary support. ██ The credibility of witnesses, the value and effect of testimony, and the inferences to be drawn from evidence, contradicted or uncontradicted, are matters for the decision of the trier of fact; and this court may not disturb the conclusions of the trier of fact unless it can say that, viewing the evidence in the light most favorable to the prevailing party and indulging in every legitimate inference which may be drawn therefrom in favor of the prevailing party, the result is a conclusion that there is no substantial evidence to support the verdict or decision. This we cannot do in the present case. ██ There is substantial evidence that plaintiff was in a crosswalk when struck and that defendant's car was moving at 30 to 35 miles per hour. The testimony of defendant and his wife raised a conflict which was resolved by the trier of fact, who found negligence in defendant's failure to yield the right of way. The physical facts ascertained by the investigating officers did not compel an inference that the child was not in the crosswalk when struck, but would admit an inference of equal validity that she was in the crosswalk and almost to the middle of the street she was attempting to cross. Further, the distance the child was thrown, according to the testimony of'her brother, supports an inference as to the speed of the car. Defendant's speed, his knowledge that the bus had stopped to discharge passengers, and that he was approaching a crosswalk, amply support the trial court's findings on the issue of negligence.

It is further manifest from the foregoing discussion that the question of contributory negligence on the part of the child was a question of fact for the trial court, which tribunal resolved in favor of the plaintiff the contradictions and conflicts in the testimony. The trial court concluded that plaintiff was in the crosswalk. As was said in *Barrett*

v. *Harmon,* 115 Cal.App. 283 [1 P.2d 458] : "The defense of contributory negligence may be invoked in an action by or on behalf of a child where the latter was of an age sufficient to exercise discretion for the avoidance of injury; but a child is not held to the same degree of care as an adult, and is only required to exercise that degree of care which is ordinarily exercised by minors of like age, mental capacity, and discretion. There is no precise age at which as a matter of law a child is to be held accountable for his actions to the same extent as one of full age, and the question as to the capacity of a child at a particular time to exercise care to avoid a particular danger is one of fact for the jury. . . . And the rule has been applied where the child sought to be charged with contributory negligence was considerably older than the plaintiff in this present case. . . . The presumption is that the child was at all times exercising due care for its own safety. . . . Until overcome, the presumption was evidence in accordance with which the jury was bound to decide. . . . Here the child was upon the street at a place where he had a right to be and where pedestrians were expected to cross. . . . The implied finding was against the plea of contributory negligence and the evidence was amply sufficient to sustain the conclusion of the jury." ▮ So here, it must be assumed on appeal that the child was within the crosswalk, and the conclusion that the accident was not proximately caused by her contributory negligence, if any, finds ample support in the evidence, even in the absence of any presumption of the exercise of due care on her part.

The trial court, in finding for the plaintiff, announced from the bench that he found the defendant negligent in not stopping his car. "I think the Court can well assume she was in the parkway and the bus was then stopped for the purpose of permitting the child or any other person to have access to the crosswalk. As she was going across that crosswalk it was incumbent on any other car to stop.

"No. 2 observation is this: The officer testified that the blood spot was nine feet south of the north curb line, which is the north curb of Senate Drive, when that child undoubtedly was struck or ran into the car (whichever was the case). By the time she was struck, with the moving motion of the car that car could very easily carry her to the spot where her blood remained, a distance of nine feet.

▮ "Third is judicial recognizance that these drinking drivers, although they may not be drunk, are the cause of many

accidents. I don't think if this boy had drunk that beer even an hour before he could have avoided a situation of that kind.''

Appellant predicates prejudicial error upon the remarks of the trial judge last above quoted concerning drinking, one of the officers having testified that although he smelled the odor of alcohol on defendant's breath, defendant acted as a normal person and was not given a sobriety test. Appellant's claim of prejudicial error in this regard is without merit, for it is undoubtedly the law that in an action such as this, to recover damages based on alleged negligence, the trier of fact should consider all the circumstances present at the time of the accident, and this would include the condition of the driver of the car that caused it, insofar as his consumption of alcoholic beverages is concerned. (*Purcell* v. *Goldberg,* 34 Cal.App.2d 344, 348 [93 P.2d 578].) In any event, and notwithstanding the aforesaid remarks of the trial judge, the record reflects that his conclusion was based on defendant's excessive speed in the circumstances, his failure to anticipate the presence of a pedestrian in the crosswalk, and his consequent inability to yield the right of way or avoid striking the plaintiff.

For reasons that are unexplained in the briefs, four and one-half years elapsed between the conclusion of the trial and the signing of findings of fact and conclusions of law and the entry of judgment. No showing has been made as to how or in what manner defendant has been prejudiced by the delay. The failure to comply with section 632 of the Code of Civil Procedure, requiring the filing of findings of fact and conclusions of law within 30 days after submission of the cause, did not oust the court of jurisdiction to enter judgment, the provisions of the section being directory only (*City of Los Angeles* v. *Hannon,* 79 Cal.App. 669, 673, 674 [251 P. 247] ; *Farmers etc. Nat. Bank* v. *Peterson,* 5 Cal.2d 601, 607 [55 P.2d 867] ).

The attempted appeal from the order denying the motion for a new trial is dismissed. The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.