[Civ. No. 19712. Second Dist., Div. Two. July 8, 1953.]

JUDITH KELLY HOWARD, Plaintiff and Appellant, v. LINDSAY COLEMAN HOWARD, Defendant and Appellant.

Edward M. Raskin for Plaintiff and Appellant.

Neil S. McCarthy and Franklin W. Peck for Defendant and Appellant.

McCOMB, J.—After the trial of a divorce action plaintiff was granted an interlocutory decree of divorce and plaintiff's attorney was directed by the trial judge to prepare proposed findings of fact and conclusions of law. This was done and the original and a copy thereof were handed to the clerk of the court. Copies were also mailed to defendant's attorneys.

Thereafter, defendant's attorneys prepared proposed findings of fact and conclusions of law, copies of which were mailed to plaintiff's attorneys. The trial judge set May 23, 1952, as the date for the hearing on the findings of fact and conclusions of law proposed by the respective parties. After the hearing, the trial court did not adopt either plaintiff's or defendant's proposed findings of fact *in toto,* but directed the preparation of another set of findings of fact and conclusions of law which were signed on June 5, 1952.

Appeals were taken by both plaintiff and defendant from certain portions of the judgment of the trial court and plaintiff requested the inclusion in the clerk's transcript on appeal of the findings of fact and conclusions of law which she had proposed and handed to the clerk of the court. Plaintiff was then informed that the clerk had no record of the filing of said proposed findings of fact and conclusions of law and the trial judge informed plaintiff's attorney that they were either lost, misplaced or, most probably thrown in the wastebasket after the hearing on May 23, 1952.

On February 13, 1953, plaintiff made a motion in the superior court for an order authorizing the clerk to file a copy of plaintiff's proposed findings of fact and conclusions of law, which motion was denied.

Plaintiff now makes a motion in this court for an order augmenting the record to include her proposed findings of fact and conclusions of law.*

This is the sole question presented for our determination:

*Will this court issue an order to include in the record on appeal proposed findings of fact and conclusions of law which were not filed in the trial court or made a part of the record in the trial court?*

*No.* The following rules are here pertinent:

 (1) A motion to augment the record will not be granted to include as part of the record on appeal matters which were not a proper part of the record in the lower court. (*Hadges*

---

*This motion is made pursuant to the provisions of rule 12 (a), Rules on Appeal, 36 Cal.2d 14, which reads as follows:

"(a) [Augmentation] On suggestion of any party or on its own motion, the reviewing court, on such terms as it deems proper, may order that the original or a copy of a paper, record or exhibit offered at or used on the trial or hearing below and on file in or lodged with the superior court be transmitted to it, or that portions of the oral proceedings be transcribed, certified and transmitted to it, or that an agreed or settled statement of portions of the oral proceedings be prepared and transmitted to it; and when so transmitted they shall be deemed a part of the record on appeal."

v. *Iverson,* 95 Cal.App.2d 436, 442 [3] [212 P.2d 917]; *cf.
Burns* v. *Brown,* 76 Cal.App.2d 639, 643 [2], et seq. [173
P.2d 716]; 2 Cal.Jur.2d (1952), Appeal and Error, § 419,
p. 224.)

(2) Parties have the right to request the trial judge
to adopt certain findings of fact and conclusions of law.
However, the trial judge is not bound to accept the proffered
findings of fact and conclusions of law. He may do so *in toto,*
in part, or disregard such proposed findings and conclusions
in their entirety. The findings of fact and conclusions of law
are those of the trial court and proposed findings are merely
an aid and assistance to the court in preparing *its* findings
of fact and conclusions of law. (*Cf. Weinstock-Nichols Co.*
v. *Courtney,* 26 Cal.App. 445, 446 [147 P. 218]; *Wheatland
Mill Co.* v. *Pirrie,* 89 Cal. 459, 462 [26 P. 964]; *City of Los
Angeles* v. *Blondeau,* 127 Cal.App. 136, 138 [2] [15 P.2d
553]; *Pereira* v. *Smith,* 79 Cal. 232, 233 [21 P. 739].)

Such proposed findings of fact and conclusions of
law prepared by the respective parties prior to the signing of
the findings and used in the settlement thereof are of no legal
significance whatever after the findings are settled, signed and
filed, and are of no value as evidence, and cannot be con-
sidered in the determination of an appeal. (*Murphy* v.
*Sheftel,* 119 Cal.App. 467, 468 [1] [6 P.2d 549]; *C. O. Bashaw
Co.* v. *Wood & Stevens, Inc.,* 72 Cal.App. 94, 101 [6] [236
P. 346].)

Applying the foregoing rules to the facts in the present
case it appears (1) that the proposed findings of fact and
conclusions of law were never filed in the trial court. There-
fore, they were not a part of the record in the superior court;
and (2) since they were merely findings of fact and con-
clusions of law proposed by a party and not adopted by the
trial judge, they were not properly a part of the record in
the trial court and therefore this court is without authority to
order them included in the record on appeal.

The motion is denied.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied July 24, 1953, and
plaintiff and appellant's petition for a hearing by the Supreme
Court was denied September 4, 1953.