[Civ. No. 830. Fifth Dist. Jan. 11, 1968.]

HAROLD HUGHES et al., Plaintiffs and Respondents, **v.** NASHUA MANUFACTURING CO., Defendant, Cross-defendant and Respondent; CALIFORNIA DUAL HOMES, INC. et al., Defendants, Cross-complainants and Appellants.

Dormeyer, Simmons, Hughes & Shade and Richard S. Simmons for Defendants, Cross-complainants and Appellants.

Guthrie, Joynt & Zimmer and Jerry L. Guthrie for Plaintiffs and Respondents.

McLaughlin, Russell, McCarthy & Kaelin and Edward L. McCarthy for Defendant, Cross-defendant and Respondent.

GARGANO, J.—This is a judgment roll appeal by defendants California Dual Homes, Inc. and Standard Financial Corporation from an adverse judgment in favor of plaintiffs Harold Hughes and Eloise L. Hughes, and cross-defendant Nashua Manufacturing Company. The facts, as gleaned from the limited record, are essentially as follows. In June 1963 plaintiffs purchased a house trailer manufactured by the Nashua Manufacturing Company from the seller, California Dual Homes, Inc. for the total purchase price of $5,984.80. Plaintiffs purchased the trailer under a conditional sale contract which provides for a down payment of $1,503.08 with the balance (including insurance and a finance charge of $2,040.60) payable in 84 installments of $82.15. California Dual Homes assigned the conditional sale contract to Standard Financial Corporation, but the record does not disclose when the assignment took place.

After the sale was consummated (the record does not show when) plaintiffs discovered that the trailer was infested with powder-post beetles and was unfit for human habitation. Plaintiffs had expended $500 on the trailer when they discovered the defect. Plaintiffs then gave timely notice of the breach of the implied warranty of fitness to the manufacturer, the seller and the seller's assignee. When the latter three parties denied liability plaintiffs instituted this action against them to rescind the conditional sale contract. Plaintiffs also sought restitution and compensatory damages. The seller and its assignee cross-complained against the manufacturer seeking indemnity for any judgment which plaintiffs secured against them. After issue was joined on the complaint and cross-com-

plaint the cause was tried by the court sitting without a jury. The court granted judgment to the plaintiffs rescinding the conditional sale contract. The court also awarded plaintiffs judgment against the seller and the seller's assignee for the restitution of the full purchase price of the trailer and consequential damages in the amount of $500. The court, however, awarded judgment in favor of the manufacturer on both the complaint and cross-complaint.

Defendants raise three main contentions for reversal: first, the judgment reimburses plaintiffs for the full purchase price of the trailer which they never paid; second, defendant Standard Financial Corporation was not obligated to make restitution to plaintiffs, nor was it liable for compensatory damages; third, the trial judge committed prejudicial error when he made findings on the cross-complaint. We shall consider each contention separately.

## I

It is patent that the amount awarded by the court to plaintiffs by way of restitution is excessive. The court ordered the restitution of the full purchase price of the trailer even though it is clear from the skimpy record that they did not pay this amount. In fact, plaintiffs concede that they made a down payment of $1,503.08 and not more than 30 installment payments of $82.15. Thus, $3,967.58 is the very most that plaintiffs should have been awarded by the court.

Moreover, the court's findings of fact are incomplete and its conclusions of law are erroneous. The court found that plaintiffs made a down payment of $1,503.08 but did not state whether it was made to the seller or its assignee. In addition, the court erroneously concluded that both defendants were equally liable for the restitution of the entire consideration. Under similar circumstances the California Supreme Court stated: "Furthermore, the judgment is erroneous in that it makes both defendants liable for the return of the entire consideration, although only a part of it had gone to each of them. Studebaker Brothers Company had received (in addition to plaintiff's note) the three hundred dollars, and Dresbach the shares of stock worth one thousand one hundred dollars. Upon a rescission, which contemplates that the parties are to be placed *in statu quo,* neither defendant should be required to return anything more than that which was obtained by him. If the action had been one for damages for deceit, the two defendants, if jointly connected with the

alleged wrong, would both have been liable for the full amount of all damages. But, as we have said, the action was not of that character. . . ." (*Conlin* v. *Studebaker Brothers Co.*, 175 Cal. 395, 398 [165 P. 1009].)

## II

■ Defendant Standard Financial Corporation contends that it was not obligated to refund any of the payments that it received from the plaintiffs because the plaintiffs waived their right of recoupment against the seller's assignee. The conditional sale contract that plaintiffs signed provides: "All of the benefits hereof accuring to Seller shall accrue to Seller's assignee, or any subsequent assignee, and Purchaser waives as against any such assignee all rights of recoupment, set off, counterclaim, or rights of enforcement which Purchaser may have or might claim against Seller, and as to all parties. Purchaser hereby waives all statutes of limitation in any way affecting the time in which Seller may enforce his rights hereunder or plead such rights in defense. . . ."

Significantly, Civil Code, section 2983.5, which is applicable to a conditional sale contract for the sale of a house trailer and which was in effect in 1963 when the plaintiffs' conditional sale contract was assigned to defendant Standard Financial Corporation, provides: "*No right of action* or defense arising out of a conditional sale contract which the buyer has against the seller, and *which would be cut off by assignment,* shall be cut off by assignment to any third party whether or not he acquires the contract in good faith and for value unless the assignee gives notice of the assignment to the buyer as provided in this section and within 15 days of the mailing of notice receives no written notice of the facts giving rise to the claim or defense of the buyer. A notice of assignment shall be in writing addressed to the buyer at the address shown on the contract and shall identify the contract and inform the buyer that he must, within 15 days of the date of mailing of the notice, notify the assignee in writing of any facts giving rise to a claim or defense which he may have. The notice of assignment shall state the name of the seller and buyer, a description of the motor vehicle, the contract balance and the number and amount of the installments. . . ." (Italics added.) Thus, it is clear that defendant's contention ignores section 2983.5, and is without substantial merit. Defendant did not allege in its answer (by way of affirmative defense or otherwise) that it gave plaintiffs the notice required by the section, nor was such a defense

to plaintiffs' right of recoupment placed in issue by the pretrial order. Manifestly, compliance with the notice requirement of section 2983.5 by the assignee of a conditional sale contract, as a defense against the conditional vendee's claim for recoupment, is new matter and hence an affirmative defense. ■ An affirmative defense must be raised in the answer or else it is waived under well established rules of pleading. In addition, the record does not indicate that defendant actually gave plaintiffs the required notice, and under these circumstances we must presume in favor of the judgment aside from any question raised by the pleadings.[1]

Plaintiffs cite *American Nat. Bank* v. *A. G. Sommerville, Inc.*, 191 Cal. 364 [216 P. 376], in support of their position that the waiver clause contained in the conditional sale contract that they signed is invalid. Defendant, on the other hand, argues that the instant case is distinguishable. In *American National Bank* the assignee of a conditional sale contract brought an action against the conditional vendee to enforce the contract. The vendee urged failure of consideration as a defense notwithstanding a provision in the contract that he would be precluded from attacking its validity for failure of consideration if the contract was assigned in good faith. The Supreme Court in declaring the clause invalid stated that to give countenance to such clauses would "in effect, be permitting parties to contracts to create a new form of negotiable instruments." Thus, it is arguable, as defendant asserts, that the court's decision does not invalidate "waiver of the right of recoupment" clauses because such clauses do not create negotiable instruments. They do not bar a legitimate defense against enforceability of the contract but simply prevent the vendee from seeking restitution against an innocent assignee. We do not, however, find it necessary to answer this question in this appeal because section 2983.5 makes no such distinction. To the contrary, it provides that "No right of action or defense arising out of a conditional sale contract . . . shall be cut off . . ." unless the required notice is given. Clearly, a right of action includes rescission, recoupment and similar rights arising from the conditional sale contract.

---

[1]Civil Code, section 2983.5 is applicable to conditional sale contracts for the sale of house trailers by virtue of the provisions of Civil Code, section 2981 and Vehicle Code, sections 635 and 4000. The section was amended in 1965, but the amendment is not pertinent to any question raised in this appeal.

■ Standard Financial Corporation next asserts that the court's findings do not support the judgment against it for consequential damages resulting from the breach of the implied warranty of fitness. This contention has merit.

First, the court did not find that this defendant made a warranty of fitness to the plaintiffs. To the contrary, the court found that the house trailer was purchased by plaintiffs from California Dual Homes, Inc. and that thereafter the conditional sale contract was assigned to Standard Financial Corporation. Thus, the necessary implication from these findings is that Standard Financial Corporation made no warranties of any kind.

Second, the court did not find that Standard Financial Corporation knew or ought to have known of the defect in the house trailer when it accepted the assignment of the conditional sale contract from California Dual Homes, Inc. consequently, the court's judgment cannot be supported under Civil Code, section 1589 even if we should assume that this section is applicable as plaintiffs suggest. The section provides: "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, *so far as the facts are known, or ought to be known, to the person accepting.*" (Italics added.)

Third, although the court found that Standard Financial Corporation "now holds title to said house trailer" and that "plaintiffs have made additions to and improvements upon said trailer and have incurred expenses in connection therewith in the sum of $500.00" these findings are not, of themselves, sufficient to justify defendant's liability under a theory of unjust enrichment or some similar theory. In other words, the mere fact that plaintiffs expended $500 on the house trailer does not necessarily mean that the trailer's value was enhanced to this extent or that the expenditures inured to the benefit of the new owner.

### III

On June 14, 1966, the trial court, by an order designated as an amended minute order, announced its proposed judgment in favor of the plaintiffs and ordered plaintiffs' counsel to prepare findings of fact and conclusions of law. This order also stated "that cross-complainant(s) [*sic*] have judgment against the cross-defendant Nashua Manufacturing Co. by virtue of its [*sic*] cross-complaint." The proposed findings of fact and conclusions of law were prepared accordingly. On April 1, 1966, the court signed and filed its findings of fact

and conclusions of law. However, in the signed findings the court, contrary to its minute order, found in favor of cross-defendant on both the complaint and cross-complaint. [6] Defendants therefore contend that the court committed prejudicial error when it changed the proposed findings without giving them notice and the opportunity to be heard. Defendants rely on Code of Civil Procedure, section 634 which provides: "In all cases where findings are to be made, a copy of the proposed findings shall be served upon all parties to the action and the court shall not sign any findings therein prior to the expiration of 10 days after such service. The court may direct a party to prepare findings."

It is settled that when findings are not waived in a non-jury trial the issues of fact remain undecided until findings are actually filed (*Laird* v. *Laird,* 203 Cal.App.2d 806 [21 Cal. Rptr. 924]). Consequently, the trial judge was free to change the proposed findings as he saw fit under the evidence, and his antecedent expressions, in the form of a minute order, in no way restricted his absolute power to declare his final decision in the only manner authorized by law, i.e., by the filing of findings of fact and conclusions of law (*Scholle* v. *Finnell,* 173 Cal. 372 [159 P. 1179]). Moreover, defendants misunderstand the purpose of section 634 which is to prevent abuses by the prevailing party when the prevailing party prepares the findings. Thus, the trial judge may disregard all or any part of the proposed findings and make his own, and when he does the notice provision of section 634 has no application (*Weinstock-Nichols Co.* v. *Courtney,* 26 Cal.App. 445 [147 P. 218]; *Murphy* v. *Sheftel,* 119 Cal.App. 467 [6 P.2d 549]).

██ Admittedly, the trial court's findings of fact in support of its judgment on the cross-complaint contain negatives pregnant as defendants assert. These findings read:

"XIV   That it is not true that CALIFORNIA DUAL HOMES was the agent and representative of defendant, NASHUA MANUFACTURING COMPANY, and it is not true that CALIFORNIA DUAL HOMES gave timely notice to NASHUA MANUFACTURING COMPANY of the claim of plaintiffs.

"XV   That NASHUA MANUFACTURING COMPANY did not warrant to CALIFORNIA DUAL HOMES and said house trailer was fit for the purpose for which it was constructed and that it was constructed with good materials and workmanship."
However, the court's intention is clearly expressed, and the findings are sufficient when viewed in light of the judgment. As the court aptly stated in *Johndrow* v. *Thomas,* 31 Cal.2d

202, 208 [187 P.2d 681]: "'Findings should be accorded a liberal construction, with a view of supporting rather than defeating, the judgment. They should not be construed with the strictness appropriate to the consideration of a complaint which is attacked by a special demurrer. . . .' "

And the court stated further at page 209: "These rules are at odds with the proposition that merely because a negative pregnant exists, the findings are insufficient. . . . Hence, the appropriate rule should be that the sufficiency of findings turns upon the particular case and that there is no absolute rule regarding negatives pregnant, which at best is nothing more than a rule of construction."

Defendants assert the cause was submitted on October 13, 1965, but the trial judge did not file his findings until April 1, 1966, almost six months later. They therefore contend that the judgment on the cross-complaint must be reversed because the court did not file its findings within the time provided by Code of Civil Procedure, section 632.

This contention is without substantial merit. In the first place, the provisions of section 632 are directory not mandatory, and the mere lapse of time is not enough to require reversal (*Daft* v. *Enos*, 155 Cal.App.2d 315 [318 P.2d 66]; *Van Der Most* v. *Workman*, 107 Cal.App.2d 274 [236 P.2d 842]). In *Van Der Most* almost four and one-half years had elapsed. In the second place, according to the court's minute order, the only record we have before us, the cause was not submitted until January 14, 1966. During the period from January 14, 1966, to April 1, 1966, the parties made numerous motions, filed objections to the proposed findings and requested special findings and supplemental proposed findings. Thus, it is manifest that there was justification for the delay in the court's decision.

For the foregoing reasons the judgment in favor of cross-defendant Nashua Manufacturing Company on the complaint and cross-complaint is affirmed. The judgment in favor of plaintiffs against defendants California Dual Homes, Inc. and Standard Financial Corporation is reversed, and the cause is remanded to the trial court with directions to complete its findings of fact, and, on the basis of the evidence previously presented or on such additional evidence as may be presented by the parties, to make such additional findings of fact and conclusions of law and enter such judgment, consistent with the views expressed herein, as said court shall determine necessary and proper from the evidence.

Conley, P. J., and Stone, J., concurred.