[Civ. No. 6121.   Third Appellate District.—June 15, 1939.]

COMMERCIAL TRANSFER INCORPORATED (a Corporation) et al., Respondents, v. DAIGH & STEWART (a Copartnership) et al., Defendants; WILLARD C. LUSK, Appellant.

Hadsell, Sweet, Ingalls & Lamb and Andrew R. Schottky for Appellants.

Robinson & Treadwell and James D. Garibaldi for Respondents.

BRUTON, J., *pro tem.*—This is a damage action which arose out of a motor truck accident. The trial was had before the court sitting without a jury, and from the court's judgment for plaintiff and against defendant Lusk, the defendant Lusk has appealed.

The action came on for trial on October 6, 1937, at which time a jury was present. Upon objection by counsel for defendants Daigh and Stewart the jury was dismissed, the plaintiff having demanded a jury and posted his fees less than ten days before the date set for trial. Prior to the dismissal of the jury, counsel for defendant Lusk, who had made no demand for a jury, announced he was ready for trial. Upon the dismissal of the jury a continuance of the case was had on motion of counsel for Daigh & Stewart for reasons which are not here involved.

The cause next came on for trial on December 28, 1937. However, on November 15, 1937, the defendant Lusk filed his demand for a jury and posted the necessary fees. At the time of trial, that is, December 28, 1937, the court refused defendant Lusk's demand for a jury, and the case proceeded before the court.

Upon the conclusion of plaintiff's case counsel for plaintiffs and defendants Daigh and Stewart stipulated judgment for Daigh and Stewart on plaintiff's complaint, and for plaintiff on Daigh and Stewart's cross-complaint, and further stipulated that no consideration had passed or was to be·passed in satisfaction of their respective claims or otherwise. Defendant Lusk then moved the court for a nonsuit, upon the denial of which the case proceeded against Lusk, resulting in judgment for plaintiff against Lusk for the injuries complained of.

Upon the conclusion of the trial defendant Lusk moved the court for leave to amend his answer to allege the stipulated judgment in favor of Daigh and Stewart, who were charged

as joint tort-feasors with Lusk. The court denied the motion for leave to amend.

The facts as disclosed by the evidence are in substance as follows: A truck and semitrailer belonging to plaintiff, Commercial Transfer Incorporated, and driven by plaintiff Garman was traveling south at a lawful rate of speed on the Golden State highway in Merced County on March 27, 1937, at about 2 o'clock P. M., when it was passed by a car going in the same direction, driven by a Mr. Russell. After the Russell car had passed plaintiff's truck it swung back to its right side of the highway, whereupon a car driven by defendant Lusk cut in ahead of the Commercial Transfer truck and took position between the truck and the Russell car. At this moment Russell, having given the signal for a right-hand turn, proceeded to turn off the highway to the right. Lusk thereupon, without giving the signal required by law, and to avoid hitting the Russell car, suddenly brought his car nearly to a stop. Garman, the driver of the Commercial Transfer truck, upon seeing the Lusk car suddenly decrease speed, applied his brakes. Seeing that he was about to collide with the rear of the Lusk car and in order to avoid doing so, Garman turned his truck sharply to the left, there being a bridge abutment on the right, and crossed the highway and entered an orchard on his (Garman's) left side of the highway. While this was going on, a truck belonging to the defendants Daigh and Stewart was approaching at a lawful rate of speed upon his right-hand side of the highway from the opposite direction. As the Commercial Transfer truck passed across the highway and into the orchard the Daigh and Stewart truck collided with the rear portion of the Commercial Transfer semitrailer. The two trucks were partially destroyed by fire; the driver of the Daigh and Stewart truck was killed and Garman was injured.

Appellant urges three reasons for the reversal of this cause. The first is that the plaintiff and defendant Daigh and Stewart having stipulated in open court that judgment should be entered for defendants Daigh and Stewart on plaintiff's complaint, and for plaintiff Daigh and Stewart's cross-complaint, such stipulated judgment amounted to a *retraxit* which released defendant Lusk. With this contention we cannot agree. Though it is true that the defendants were charged as joint tort-feasors, it is not true that the discontinuance as

to one joint tort-feasor necessarily releases the others charged with him. The rule has been broadly stated, both in this jurisdiction and in others, that the release of one joint tort-feasor is the release of all. An examination of the California cases will show, however, that this rule is predicated upon the theory that where the complainant has been compensated for his injury by one of the joint tort-feasors, a second recovery cannot be allowed. It is the fact of compensation for the wrong complained of that operates as a release of the remaining joint tort-feasors, not the mere discontinuance as to one of them without satisfaction having been given. Even at common law the doctrine of *retraxit* was based upon the theory that the complainant had by his withdrawal announced that he had received satisfaction for his injury, and he having been satisfied, his cause of action was at an end.

In the instant case the plaintiff stipulated that defendants Daigh and Stewart have judgment on the complaint, and both parties stipulated that no satisfaction had been given or was to be given for the injury complained of.

"The discontinuance as to one tort feasor of an action brought against several tort feasors, *no satisfaction having been received,* does not release the others." (*Shea* v. *City of San Bernardino,* 7 Cal. (2d) 688 [62 Pac. (2d) 365].)

To hold that, where an action is brought against several defendants alleging a joint tort-feasance as is so common in automobile accident cases, it is necessary for the plaintiff to continue to prosecute his action *falso clamore* against an innocent defendant after it appears from the evidence that he is not liable, in order that the guilty wrongdoer may not escape, would indeed be to sanctify form at the sacrifice of substance.

The second point urged by appellant is that the evidence does not support the finding of the trial court that defendant Lusk was guilty of negligence proximately causing the accident and that plaintiff was free from negligence contributory thereto.

We will not review the evidence, but it will suffice to say that while the testimony presents the conflict of evidence that is endemic in motor vehicle accident cases there is ample evidence to support the finding of the court. Defendant Lusk's negligent failure to signal his sudden decrease in speed (sec. 544(c), Vehicle Code) set in motion the chain of events that resulted in tragedy as well as damage.

■ Appellant's third contention is that he was denied his constitutional right of trial by jury. On October 6th, when the cause was first called for trial, counsel for defendant Lusk appeared in court and announced that he was ready to proceed. Plaintiff had waived a jury by failing to make his demand therefor in the time prescribed by law. Defendants Daigh and Stewart made no demand for a jury. It appears that defendant Lusk had not received notice of the setting of the case for trial but knew of its having been set and consequently appeared. The day that defendant Lusk or his counsel had such actual notice of the time of trial does not appear in the record.

Considering the matter in a light most favorable to defendant Lusk and assuming that he first knew of the case having been set on the day that it was first called for trial, and relieving him from any duty to have made known his desire for a jury prior to that time, and also relieving him from the effect of having appeared and announced himself ready for trial, yet we are confronted with the fact that on October 6, 1937, counsel for defendant Lusk was in open court when this case was called and took part in the proceedings, which resulted in the setting of the cause for trial for a day certain, and at that time he made no demand for a jury. This brings him within the provisions of paragraph 4 of section 631 of the Code of Civil Procedure, which provides that a jury trial may be waived: "By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar, if it be set upon notice or stipulation, or within five days after notice of setting, if it be set without notice or stipulation." The request for a jury first made on November 15, 1937, was properly denied.

The judgment is affirmed.

Tuttle, J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 15, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 14, 1939.