[Civ. No. 7052.   Third Dist.   Nov. 29, 1944.]

HARRY C. HILDEBRAND, Respondent, v. DELTA LUMBER AND BOX COMPANY (a Corporation) et al., Appellants.

Gumpert & Mazzera and J. Calvert Snyder for Appellants.

W. H. Brunner and Charles Kasch for Respondent.

PEEK, J.—Plaintiff, as assignee for collection of the Hyman-Michaels Company, a corporation, brought this action against the Delta Lumber and Box Company, a corporation, W. E. Peters and Ray H. Oliver. The Delta Lumber and Box Company (hereinafter called the Delta Company) was family owned; the defendant Peters was its vice-president and manager and his wife was its president. The complaint alleged that Hyman-Michaels Company was the owner and entitled to the possession of certain described lumber located at a sawmill in Mendocino County; that between August 5 and 25, 1942, defendants entered the premises where the lumber was piled and wrongfully took and transported the lumber away and sold and converted it to their own use and benefit; that the reasonable market value of the converted lumber was $4,959.37 for which judgment was prayed against the defendants jointly and severally. Defendants answered denying said allegations and pleaded an estoppel as a separate defense.

The case went to trial on May 3, 1943, and was submitted for decision on June 11, 1943. On July 16, the court by a minute entry ordered that plaintiff was entitled to judgment in the sum of $2,091.06 with interest from September 1, 1942. Thereafter counsel for the defendants filed a notice of motion to stay proceedings as to defendant Oliver by virtue of the Soldiers' and Sailors' Civil Relief Act. The motion came on for hearing on August 6, and was opposed by plaintiff. On August 20, and before the court ruled on the motion to stay the proceedings, plaintiff filed a dismissal as to Oliver, which reads: "The above entitled action is hereby dismissed as to defendant Ray H. Oliver, and none other." The court on the same day ordered that the action against Oliver be dismissed and that plaintiff recover from the Delta Company and W. E. Peters the sum of $2,091.06, together with interest and costs. The findings of fact and conclusions of law, which were also filed on August 20, recite that the action was dismissed as to defendant Oliver; that Hyman-Michaels Company was the owner and entitled to the possession of 58,296 board feet of redwood lumber and 2,000 board feet of fir lumber; that during the period from August 5, 1942 to August 25, 1942, inclusive, defendants and each of them entered upon the premises where said lumber was piled and wrongfully took possession thereof and transported, sold and converted the same to their own use and benefit; that the reasonable market value of all the lumber so converted was $2,091.06; that plaintiff was not estopped; that it was not true that at the request of plaintiff the defendant Delta Company paid off cerain obligations of Oliver in reliance upon representations made by plaintiff and Oliver that said lumber would be given as consideration for said advances; that the affirmative defense so pleaded by defendants is not sustained by the evidence. Judgment was entered for plaintiff and against the Delta Company and Peters, jointly and severally, for $2,091.06 with interest and costs. From the judgment so entered the defendants have appealed.

The first issue raised by defendants is that the dismissal filed as to the defendant Oliver amounted to a retraxit and operated as a release of the other defendants.

The common law rule of retraxit is predicated upon the theory that a complainant who has been compensated for his injury by one of the joint tort feasors is not entitled to a second recovery from the others. (*Commercial Transfer Inc.* v. *Daigh & Stewart* (1939), 33 Cal.App.2d 370 [91 P.2d 951].)

■ ▪ The mere discontinuance as to one of the several joint tort feasors without a showing that satisfaction was given for such discontinuance does not operate to release the others. (*Westbay* v. *Gray* (1897), 116 Cal. 600 [48 P. 800] ; *Shea* v. *City of San Bernardino* (1936), 7 Cal.2d 688 [62 P.2d 365] ; *Commercial Transfer Inc.* v. *Daigh & Stewart, supra; Key* v. *Caldwell* (1940), 39 Cal.App.2d 698 [104 P.2d 87].)

In the instant case no showing is made nor is it contended that plaintiff received consideration for the dismissal. There was no payment or agreement by Oliver to pay for the lumber converted nor was there any agreement or understanding between the parties or counsel that the dismissal was with prejudice nor was there any adjustment or agreement to adjust the merits of the controversy.

Upon appeal it is now contended that the purported sale of the lumber to Hyman-Michaels Company was void under the statute of frauds; that if it could be said the evidence was sufficient to establish a contract of sale it only could be as to future and unascertained goods, and therefore until lumber was set aside and designated as the lumber appropriated to the Hyman-Michaels Company no property in the lumber passed to them. In support of such contention, sections 1724(1) and 1624a of the Civil Code, and section 1973a of the Code of Civil Procedure are cited.

■ The record is such that we have encountered some difficulty in following testimony of the various witnesses. Suffice it to say, however, that there is substantial evidence that Hyman-Michaels Company paid Hildebrand $1,800 based upon an inventory and estimate of the amount of lumber then available. Such payment under the circumstances was sufficient to take the transaction out of the statute. (See I Uniform Laws Ann., p. 48.) The case relied upon by defendants in this regard, *Stowe* v. *Fay Fruit Co.*, 90 Cal.App. 421 [265 P. 1042], was decided upon subdivision 4 of section 1624 of the Civil Code as it existed prior to the adoption of the Uniform Sales Act in 1931 (Stats. 1931, ch. 1070), which act amended said section by deleting the language of subdivision 4 that formed the basis for the decision in that case.

The record discloses further testimony by the wife of the defendant Oliver that before the conversion the defendants knew the lumber had been sold by Hildebrand to Hyman-Michaels Company, which testimony substantiated and confirmed the additional testimony by Hildebrand to the same effect.

██ Defendants also allege that the trial court committed error in allowing Hildebrand to testify he "sold the lumber to Hyman-Michaels." We find no merit in this contention, as the record shows substantial evidence in addition to the attacked conclusion of Hildebrand to support the finding of the court.

Although defendants by their answer alleged, and during the course of the trial claimed, they took the lumber by virtue of certain sums advanced to Oliver, it now is contended on appeal that the sale to Hyman-Michaels Company was void under section 3440 of the Civil Code, in that there was no change of possession from Oliver; that he remained in possession of the lumber, and as the Delta Company was a creditor of his it could disregard the purported sale to the Hyman-Michaels Company. Regardless of whether or not defendants may thus shift their position, the evidence in any event is sufficient to refute such contention.

██ If the defendants claim as purchasers they could be protected only if purchasers in good faith for value. The record does not support such contention. There is evidence, although contradicted by the defendant Peters, that defendants not only had knowledge of the sale to Hyman-Michaels Company, but actually urged that the sale be made. Additional testimony in this regard was given by Mrs. Oliver that the defendants were determined to get the lumber before Hyman-Michaels Company started hauling it away.

██ If defendants claim as creditors the record is likewise of no assistance to them. Nowhere is it shown that they have done anything to bring themselves within the provisions of section 3439.09 of the Civil Code relating to the remedies of creditors on matured claims, which was adopted in 1939 as a part of the Fraudulent Conveyances Act. Defendants argue, however, a creditor "has a right to deal with the property in any way he sees fit in order to protect his rights as such creditor." That the law does not sanction such method of satisfying alleged claims is well illustrated by the case of *Travis Glass Co.* v. *Ibbetson,* 186 Cal. 724, 729 [200 P. 595]. There a similar situation was presented, and the court said:

"It is essential to the orderly administration of the law that a person be prevented from obtaining payment of a claim by the unlawful seizure of the property of his debtor and, consequently, as a general rule the taking of property without authority or consent is neither warranted nor excused by the fact

that the owner is indebted to the person taking the property. . . ."

In view of the evidence and the findings of the trial court we must conclude that the judgment should be affirmed.

Judgment affirmed.

Thompson, J., and Adams, P. J., concurred.

A petition for a rehearing was denied December 23, 1944, and appellants' petition for a hearing by the Supreme Court was denied January 25, 1945. Schauer, J., voted for a hearing.