[Civ. Nos. 40383, 40862. Second Dist., Div. Four. Mar. 21, 1973.]

MELBA L. KRONKRIGHT, Plaintiff and Appellant, v.
PHILIP GARDNER et al., Defendants and Respondents.

**COUNSEL**

Nicolas Ferrara for Plaintiff and Appellant.

Arnold S. Bernstein and E. Ronald Kropacek for Defendant and Respondent.

**OPINION**

**DUNN, J.**—Demurrers to plaintiff's first amended complaint, separately filed by Philip Gardner and Garth G. Gardner, were sustained without leave to amend on the ground no cause of action was stated against either of them, and orders for the dismissal of each defendant were filed (judgments, Code Civ. Proc., § 581d). Thereafter, plaintiff brought separate motions for new trial as to these defendants. After hearing the motions together on July 16, 1971, the trial court entered an order granting plaintiff's motion as to Garth Gardner, setting aside its dismissal of him and allowing plaintiff 30 days within which to file an amended complaint. It denied the motion as to Philip.

Plaintiff has filed two appeals: (1) appeal No. 40383 is "from the order or judgment of dismissal" against Garth G. Gardner entered June 7, 1971, and "from the order or judgment of dismissal" against Philip Gardner entered June 28, 1971; (2) No. 40862 is from the order entered July 16, 1971.

We discuss appellant's second appeal first. Plaintiff had moved for a new trial against both defendants but the court's minute order states "The motion is treated as a motion for reconsideration . . . ." Plaintiff objects to the court's so labeling her motions. However, we need not become involved in the problem (see *Carney* v. *Simmonds* (1957) 49 Cal.2d 84, 88-

91 [315 P.2d 305]; *Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701, 705-707 [102 Cal.Rptr. 190]), since plaintiff is not a "party aggrieved" (Code Civ. Proc., § 902) by the form of the order inasmuch as it is in plaintiff's favor as against Garth Gardner. And Garth Gardner has neither appealed nor has any brief been filed on his account. Appellant's brief states that, if the order is treated as one granting her a new trial as to Garth Gardner, then her appeal against him is abandoned. For the purpose of this appeal we so treat it; appeal No. 40862 is therefore dismissed.

Turning now to appeal No. 40383, plaintiff contends the court erred in sustaining Philip Gardner's demurrer without leave to amend, thereafter dismissing him from the action. The record[1] indicates Philip Gardner's contention rested on a claim that plaintiff had filed an earlier action against him based on identical grounds and had voluntarily dismissed it with prejudice (Code Civ. Proc., §§ 581, 581d), thus barring the present action. Plaintiff, to the contrary, contends the earlier complaint was founded upon different allegations, for which reason the second complaint was properly filed, also contending her dismissal of the earlier complaint did not affect her second complaint.

■ We have examined and compared the two complaints. Each involves the same property, of which plaintiff formerly was record owner, and the same written agreement for a joint venture executed by plaintiff and Philip Gardner. In each complaint plaintiff claims that she was induced to execute the agreement by the false and fraudulent misrepresentations of Philip. Plaintiff's claim of a material difference between the complaints seem to rest, at least in part, on the fact that the relief sought in the two cases was not identical in all respects, particularly since, in the first case, she sought to rescind the joint venture agreement whereas, in the present case, she does not request rescission but asks that the joint venture be dissolved.

We disagree with plaintiff's position. The lawsuits arise from the same alleged factual situation. The fact that different forms of relief were sought is here irrelevant. Were the rule otherwise, litigation finally would end only when a party ran out of counsel whose knowledge and imagination could conceive of different theories of relief based upon the same factual background. The rule is stated in *Sutphin* v. *Speik* (1940) 15 Cal.2d 195, at page 202 [99 P.2d 652, 101 P.2d 497]: "Next is the question, under what circumstances is a matter to be deemed decided by the prior judg-

---

[1]Pursuant to rule 12(a), Cal. Rules of Court, we have sent for and reviewed the superior court files in the present action (No. 993347) and an earlier action (No. 862622) soon to be mentioned.

ment? . . . If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable. In *Price* v. *Sixth District,* 201 Cal. 502, 511 [258 Pac. 387], this court said: 'But an issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result.' " And, as stated in *Owl Drug Co.* v. *Bryant* (1953) 115 Cal.App.2d 296, 302 [252 P.2d 69]: " 'It is the title, right or obligation sought to be established or enforced, not the remedy or the relief sought, which determines the nature and substance of the cause of action. When this has once been adjudicated it cannot be relitigated upon any grounds that were or that could have been determined in the former action.' " (Also see: *McFaddin* v. *H. S. Crocker Co.* (1963) 219 Cal.App.2d 585 [33 Cal.Rptr. 389]; *Daugherty* v. *Board of Trustees* (1952) 111 Cal.App.2d 519, 522 [244 P.2d 950]; *Steiner* v. *Thomas* (1949) 94 Cal.App.2d 655, 658 [211 P.2d 321]; *Boucher* v. *Kriehn* (1947) 80 Cal.App.2d 437, 441 [182 P.2d 218]; *Seidell* v. *Anglo-California Trust Co.* (1942) 55 Cal.App.2d 913, 918 [132 P.2d 12]; *Suisun Lumber Co.* v. *Fairfield School Dist.* (1912) 19 Cal.App. 587, 593-594 [127 P. 349].)

Plaintiff's reliance upon *Timberlake* v. *Schwank* (1967) 248 Cal.App.2d 708 [56 Cal.Rptr. 799] is misplaced. That case involved an appellate court's opinion that a cause of action in a complaint could be amended to state facts meriting relief, or that it might be construed as already so to allege.

Appellant also relies upon *South San Bernardino etc. Co.* v. *San Bernardino National Bank* (1899) 127 Cal. 245 [59 P. 699] which dealt with an action brought in different capacities. Appellant contends the present action is brought by plaintiff "as a co-joint venturer" whereas in her earlier complaint she had sued as an individual. This distinction is one without a material difference.

The remaining problem involves the effect of plaintiff's dismissing the earlier action with prejudice. We have no doubt the defense was properly raised by Philip Gardner's demurrer. The demurrer was heard and deter-

mined in 1971 when Code of Civil Procedure section 431.5[2] (now § 430.70) was in effect, and the points and authorities accompanying defendant's demurrer properly invoked judicial notice of the earlier file pursuant to Evidence Code section 452, subdivision (d) and section 453.

Plaintiff had executed a dismissal of her earlier action (L. A. Superior Court, No. 862622) with prejudice. The dismissal also was executed by Philip Gardner, as a cross-complainant against plaintiff. It appears from Code of Civil Procedure section 581 that a plaintiff has the option to dismiss with or without prejudice before trial. Here, plaintiff voluntarily dismissed with prejudice (Code Civ. Proc., § 581, subds. 1 and 5). The dismissal constituted a judgment.

The problem to resolve is whether a judgment, based upon such a dismissal, constitutes a retraxit and is a bar to the second action. (See: 16 Cal.Jur.2d, Rev., Dismissal and Nonsuit, §§ 12, 13, pp. 207-210.) Some cases have held that, to constitute a retraxit, the dismissal must be based upon a settlement with consideration received. However, the present case is unlike *Key* v. *Caldwell* (1940) 39 Cal.App.2d 698 [104 P.2d 87] and similar cases which appellant cites; we are not faced with a case where dismissal of one joint tortfeasor is claimed to constitute a retraxit as to the others. In such cases some consideration must pass, since, there, retraxit rests on the theory that double recovery for the same tort is not to be countenanced. (*Markell* v. *Swift & Co.* (1954) 126 Cal.App.2d 245, 252-255 [272 P.2d 47], disapproved on other grounds in *Stewart* v. *Cox* (1961) 55 Cal.2d 857, 861 [13 Cal.Rptr. 521, 362 P.2d 345]; *Hildebrand* v. *Delta Lumber etc. Co.* (1944) 67 Cal.App.2d 88, 90-91 [153 P.2d 377]; *Hawber* v. *Raley* (1928) 92 Cal.App. 701, 707, 708 [268 P. 943].) Our case does not involve joint tortfeasors one of whom has been dismissed. Here, the earlier case was dismissed with prejudice as to a person who was made a party to the second action, so that a different theory is involved, as we have illustrated.

As an additional matter, we note that Civil Code section 1614 provides: "A written instrument is presumptive evidence of a consideration." If we assume some consideration is needed to endow a dismissal with retraxit effect the statute supplies consideration. We need not determine whether the statutory presumption is one affecting the burden of proof or the burden of going forward with evidence (Evid. Code, §§ 600-606), since, in either

---

[2]Code of Civil Procedure section 431.5 read: "When the ground of demurrer is based on a matter of which the court may take judicial notice pursuant to Section 452 or 453 of the Evidence Code, such matter must be specified in the demurrer, or in the supporting points and authorities for the purpose of invoking such notice, except as the court may otherwise permit."

event, the plaintiff points to no evidence contradicting the presumption (see: 1 Witkin, Summary of Cal. Law (7th ed. 1960) Contracts, § 69, pp. 72-73).

We conclude the dismissal of the earlier action with prejudice constituted a retraxit. (*Datta* v. *Staab* (1959) 173 Cal.App.2d 613, 620-621 [343 P.2d 977]; *Ghiringhelli* v. *Riboni* (1950) 95 Cal.App.2d 503, 505-506 [213 P.2d 17]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 55, p. 2720, and Judgment, § 176, p. 3318.) The trial court's action was proper.

Judgment in appeal No. 40383 is affirmed; appeal No. 40862 is dismissed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 16, 1973.