[No. D007218. Fourth Dist., Div. One. Feb. 7, 1989.]

ADAM ROYBAL et al., Plaintiffs and Appellants, v.
UNIVERSITY FORD, Defendant and Respondent.

COUNSEL

Raphael S. Levens for Plaintiffs and Appellants.

Robert J. Fredrick for Defendant and Respondent.

OPINION

**KREMER, P. J.**—Plaintiffs Manuel, Gloria, Adam, and Victoria Roybal (Roybal) appeal summary judgment favoring defendant University Ford on Roybal's complaint for breach of implied warranty, restitution and rescission, breach of contract, damages, fraud and negligence. Roybal contends the superior court erred in finding res judicata barred the action. We affirm.

I

On October 10, 1985, Manuel and Gloria filed a complaint against University Ford in San Diego County Municipal Court case No. 384743 for breach of implied warranty, restitution and rescission, breach of contract, intentional misrepresentation, damages, fraud and negligence. The complaint alleged on May 9, 1985, University Ford sold Manuel and Gloria a 1978 Audi Fox with a defective rear axle; on May 21, 1985, while Gloria was driving the car, the axle failed causing the right rear tire to explode and Gloria to lose control and collide with a guard rail. The complaint sought $1,093.40 damages plus additional damages "according to proof."

In October 1985 University Ford answered the municipal court complaint.

On March 18, 1986, Manuel, Gloria, Adam and Victoria filed a complaint against University Ford in San Diego County Superior Court case No. 560557 for breach of implied warranty, restitution and rescission, breach of contract, damages, fraud and negligence. The superior court complaint was based on the same wrongful conduct of University Ford alleged in the municipal court complaint.

On March 31, 1986, Roybal's counsel filed a dismissal of the municipal court action with prejudice.

In June 1986 University Ford answered the superior court complaint.

II

In April 1987 University Ford sought summary judgment in superior court on the ground of res judicata. Roybal opposed the motion, asserting

the municipal court action should have been dismissed without prejudice but the form filed by counsel erroneously sought dismissal with prejudice. In May 1987 the superior court continued the summary judgment motion hearing until August 1987 to allow Roybal to seek relief from the municipal court for the assertedly erroneous dismissal with prejudice.

In July 1987 Roybal filed a motion in municipal court to transfer the municipal court action to superior court. Roybal also asked the municipal court "to correct the erroneous dismissal entered with prejudice as said dismissal was the result of clerical error." On August 25, 1987, the municipal court denied Roybal's motion to transfer because the municipal court lacked jurisdiction. The municipal court also denied as untimely under Code of Civil Procedure[1] section 473 Roybal's motion to correct the record.

Later on August 25, 1987, after hearing, the superior court granted summary judgment favoring University Ford on the ground of res judicata. The court stated "res judicata is in fact established by the filing with prejudice of a dismissal in the municipal court action in matters that are substantially identical to this." Roybal appeals.[2]

### III

In 1986 section 581 provided in relevant part: "An action may be dismissed in the following cases: [¶] (a) By plaintiff, by written request to the clerk, filed with the papers in the case . . . at any time before the actual commencement of trial . . . .[¶] (e) The provisions of subdivision (a) shall not prohibit a party from dismissing with prejudice, either by written request to the clerk or oral or written request to the judge, as the case may be, any cause of action at any time before decision rendered by the court."

In 1986 section 581d provided in relevant part: "A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered."

### IV

 Asserting dismissal with prejudice of the municipal court action was due to inadvertent clerical error amenable to correction at any time, Roybal contends the superior court erred in holding University Ford sustained its burden on the summary judgment motion. No error appears. The dismissal with prejudice did not

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] Roybal does not assert as error the superior court's entry of summary judgment against Adam and Victoria though they were not named as plaintiffs in the municipal court action. Thus, we do not address this issue.

constitute a "clerical error" in the municipal court records.[3] The municipal court records correctly reflected the request for dismissal with prejudice filed by Roybal.

Error by Roybal's counsel in filing a request for dismissal with prejudice may well have constituted grounds for relief under other portions of section 473 upon timely application to the municipal court.[4] However, the municipal court denied as untimely Roybal's section 473 motion for relief. The propriety of such denial was not before the superior court at the summary judgment hearing.[5] Thus, the validity of the dismissal with prejudice of the municipal court action was not subject to attack at the superior court summary judgment hearing. Similarly, on this record we must accept the validity of the dismissal with prejudice. The municipal court's denying Roybal relief under section 473 and the validity of the dismissal with prejudice are not subject to attack here.

## V

 Roybal contends dismissal with prejudice of the municipal court action did not constitute a final determination on the merits justifying invocation of the doctrine of res judicata. We disagree. Roybal's voluntary dismissal with prejudice constituted a determination on the merits and was res judicata. Cases relied upon by Roybal—*Wilson* v. *Bittick* (1965) 63 Cal.2d 30 [45 Cal.Rptr. 31, 403 P.2d 159]; *Kahn* v. *Kahn* (1977) 68 Cal.App.3d 372 [137 Cal.Rptr. 332]; *Ensher* v. *Ensher, Alexander & Barsoom* (1960) 187 Cal.App.2d 407 [9 Cal.Rptr. 732]; *Mattern* v. *Carberry* (1960) 186 Cal.App.2d 570 [9 Cal.Rptr. 137]; *Fay* v. *Crags Land Co.* (1944) 62 Cal.App.2d 445 [145 P.2d 46]—are inapposite as not involving plaintiffs' voluntary dismissals with prejudice.

"[A] dismissal with prejudice by plaintiff of its action is a bar to a subsequent action on the same cause; otherwise there would be no meaning to the

---

[3] Section 473 provides in relevant part: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed . . . ."

"The trial court has inherent power to correct *clerical errors* in its records, whether made by the clerk, counsel or the court itself, 'so that such records will conform to and speak the truth.' (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 68, pp. 502-503; Code Civ. Proc., § 473.)" (*Commonwealth Land Title Co.* v. *Kornbluth* (1985) 175 Cal.App.3d 518, 531 [220 Cal.Rptr. 774], italics in original.) Clerical errors may be corrected at any time. (*Ibid.*)

[4] Section 473 provides in relevant part: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect. Application for such relief . . . must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken . . . ."

[5] Roybal's remedy, if any, was appeal of the municipal court ruling to the superior court appellate department. (§ 77; Cal. Rules of Court, rule 121 et seq.)

'with prejudice' feature. 'A dismissal with prejudice terminates the action and the rights of the parties are affected by it. It is a final judgment in favor of defendants . . . .' [Citation.]" (*Gagnon Co., Inc.* v. *Nevada Desert Inn* (1955) 45 Cal.2d 448, 455 [289 P.2d 466]; accord *Kronkright* v. *Gardner* (1973) 31 Cal.App.3d 214, 218-219 [107 Cal.Rptr. 270].) "[A] request for dismissal *with prejudice* operates as a *retraxit* and bars a new action. (C.C.P. 581(e); *Ghiringhelli* v. *Riboni* (1950) 95 C.A.2d 503, 505 . . .; *Wouldridge* v. *Burns* (1968) 265 C.A.2d 82, 84 . . .; *Kronkright* v. *Gardner* (1973) 31 C.A.3d 214, 219 . . ., citing the text.)" (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 81, pp. 390-391, italics in original.)

"Some cases have held that, to constitute a retraxit, the dismissal must be based upon a settlement with consideration received." (*Kronkright* v. *Gardner, supra,* 31 Cal.App.3d at p. 218.) However, after comprehensive examination of decisional authority and legislative history, we have concluded the res judicata effect of Roybal's voluntary dismissal with prejudice does not depend upon consideration. Cases requiring consideration have generally involved a dismissal of one joint tortfeasor claimed to constitute a retraxit as to other joint tortfeasors. (*Ibid.,* citing *Markell* v. *Swift & Co.* (1954) 126 Cal.App.2d 245 [272 P.2d 47]; *Hildebrand* v. *Delta Lumber etc. Co.* (1944) 67 Cal.App.2d 88 [153 P.2d 377]; *Key* v. *Caldwell* (1940) 39 Cal.App.2d 698 [104 P.2d 87]; *Hawber* v. *Raley* (1928) 92 Cal.App. 701 [268 P. 943].) The case before us presents no issue involving the dismissal of a joint tortfeasor.

■ "The main characteristics of a retraxit at common law were: First, it was made by the plaintiff in person; second, it was made in open court. 18 Enc. Pl. & Prac. 899. The circumstance that it was or was not made pursuant to an agreement between the parties had nothing whatever to do with the character of the proceeding." (*Rincon Water & Power Co.* v. *Anaheim Union Water Co.* (S.D.Cal. 1902) 115 Fed. 543, 550.) "A *retraxit* differs from a nonsuit, in that the one is negative, and the other positive: the nonsuit is a default and neglect of the plaintiff, and therefore he is allowed to begin his suit again, upon payment of costs; but a *retraxit* is an open and voluntary renunciation of his suit, in court, and by this he for ever loses his action." (3 Blackstone, Commentaries 296.) "A retraxit has always been deemed a judgment on the merits against the plaintiff, estopping him from subsequently maintaining an action for the cause renounced." (2 Freeman, A Treatise of the Law of Judgments (1925) § 757, p. 1595.)

■ Relevant language providing for a plaintiff's voluntary dismissal with prejudice was introduced into section 581 to limit the plaintiff's leeway to abandon a case and then refile it. (Stats. 1947, ch. 990, § 1, p. 2256; Howell, *The Work of the 1947 California Legislature* (1947) 21 So.Cal.L.Rev. 1, 8-9.) The statutory term "with prejudice" clearly means

the plaintiff's right of action is terminated and may not be revived. Nothing in the language of section 581 suggests the res judicata effect of a plaintiff's voluntary dismissal with prejudice depends upon consideration. Although the statutory method of voluntary dismissal provided in section 581—the procedure followed by Roybal—dispenses with the common law requirement of renunciation in open court, a dismissal with prejudice under such section has the same effect as a common law retraxit and bars any future action on the same subject matter. (*Wouldridge* v. *Burns* (1968) 265 Cal.App.2d 82, 84 [71 Cal.Rptr. 394]; *Ghiringhelli* v. *Riboni* (1950) 95 Cal.App.2d 503, 506 [213 P.2d 17].) Thus, Roybal's dismissal with prejudice of the municipal court action constituted a final judgment invoking the bar of res judicata.

## VI

■ Roybal contends the summary judgment should be reversed because University Ford has not proven it will be prejudiced by litigating the matter on the merits. However, such contention is not supported by decisional or statutory authority. A defendant's successful invocation of res judicata as a bar does not depend upon a showing of prejudice apart from the prejudice inherent in forcing a party to defend against successive suits involving only matters already finally determined.

## VII

■ Roybal contends by not asserting res judicata as an affirmative defense in its answer and by litigating the matter for 10 months before seeking summary judgment, University Ford waived any right to raise res judicata. The record does not support Roybal's theory.

The defense of res judicata was first placed in issue by University Ford's motion for summary judgment. University Ford's motion clearly put Roybal on notice it was raising such defense. In opposing the summary judgment motion, Roybal did not contend the issue of res judicata was not properly before the court. Instead, Roybal asserted the doctrine of res judicata was factually inapplicable here. On this record the court could properly consider and decide the issue of res judicata.[6]

Cases relied upon by Roybal do not compel a contrary result. In *Steward* v. *Paige* (1949) 90 Cal.App.2d 820, 825 [203 P.2d 858], the appellate court simply declined to permit a defendant to raise the defense of res judicata for the first time on appeal where such defense had not been pleaded and

---

[6] If Roybal had argued to the superior court University Ford's answer did not plead res judicata as an affirmative defense, the court could have permitted University Ford to amend its answer.

supporting documentation had not been introduced into evidence at trial. Similarly, in *Hughes* v. *Nashua Mfg. Co.* (1968) 257 Cal.App.2d 778, 782-783 [65 Cal.Rptr. 380], the appellate court did not permit a defendant on appeal to raise an affirmative defense not pleaded or otherwise presented to the trial court. In *California State Auto Assn. Inter-Ins. Bureau* v. *Superior Court* (1986) 177 Cal.App.3d 855, 861 [223 Cal.Rptr. 246], the appellate court held a plaintiff seeking summary judgment was not required to negate an affirmative defense not pleaded by the defendant. Here the affirmative defense was not pleaded in the answer but was otherwise tendered to the superior court for determination and plaintiff Roybal had ample opportunity to oppose such defense. We find no error.

## VIII

Section 396 provides in relevant part: "If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this state which has such jurisdiction, the action or proceeding shall not be dismissed (except as provided in Section 399, and subdivision 1 of Section 581[7]) but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof, and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved."

 In 1985 the municipal court generally had jurisdiction in civil cases demanding $15,000 or less. In 1986 and 1987 the municipal court's jurisdictional limit was generally $25,000. (§ 86, subd. (a)(1).)

Roybal attacks the municipal court's dismissal order as void. Roybal contends filing of the superior court complaint precluded the municipal court from either dismissing or adjudicating the case on the merits because the amount of damages in controversy exceeded the municipal court's subject matter jurisdiction. Roybal's contention is contrary to the record and applicable statutory authority. Nothing on the face of Roybal's municipal court complaint indicated the relief sought was beyond the municipal court's subject matter jurisdiction. (§§ 86, subd. (a)(1), 396.) The municipal court complaint sought only $1,093.40 and additional damages "according to proof." Further, when Roybal requested dismissal with prejudice, the clerk was required to enter dismissal. (§§ 581, subd. (a), in effect in 1986,

---

[7]Former section 581, subdivision 1, with exceptions not relevant here, permitted dismissal by the plaintiff by written request to the clerk at any time before the actual commencement of trial.

581d; see also § 396 with reference to former § 581, subd. (1).) Moreover, the municipal court action and the superior court action existed as independent lawsuits until somehow determined to be related by a court upon appropriate motion. (See, e.g., § 430.10, subd. (c).) Thus, mere pendency of the superior court case did not affect the validity of the municipal court action.

Roybal also contends the municipal court erred in denying his motion under section 396 to transfer the matter to the superior court. However, such issue is not properly before us. Roybal's remedy, if any, was appeal of the municipal court's ruling to the superior court appellate department. (§ 77; Cal. Rules of Court, rule 121 et seq.) The municipal court's denial of the motion to transfer is not subject to attack here.[8]

■ Finally, Roybal contends University Ford consented to superior court jurisdiction by answering the superior court complaint while knowing of the municipal court action. However, the fact the superior court may have had subject matter jurisdiction over the lawsuit and obtained personal jurisdiction over University Ford in no way precluded University Ford from raising the defense of res judicata.

Summary judgment favoring University Ford was proper.

### DISPOSITION

The judgment is affirmed.

Huffman, J., and Froehlich, J., concurred.

---

[8] Parenthetically, we note it appears the municipal court had no case to transfer because the action had already been dismissed with prejudice by Roybal.