34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shong-Ching TONG, Plaintiff-Appellant,
v.
FIRST INTERSTATE SERVICES COMPANY; Webb Edwards; William
Murin, Defendants-Appellees.
 No. 93-55910.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 29, 1994.*
Decided Aug. 25, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shong-Ching Tong appeals pro se the district court's dismissal on summary judgment for First Interstate Services Company and two individuals (collectively "First Interstate") in his employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Secs. 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. Secs. 621-634, and California state law. Tong alleged that First Interstate discriminated against him on the basis of his race and age, and retaliated against him for filing complaints with the Equal Employment Opportunity Commission and for applying for workers' compensation. He also asserted numerous California state law claims. We affirm.
 
 
 3
 This court reviews de novo both a district court's dismissal on summary judgment and interpretation of state law. Trujillo v. County of Santa Clara, 775 F.2d 1359, 1363, 1367 (9th Cir.1985). Although the district court also granted partial summary judgment on the ground of the statute of limitation and for lack of jurisdiction, this court may affirm on any ground fairly supported by the record, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), even if the district court relied on an erroneous ground, see Lowe v. City of Monrovia, 775 F.2d 998, 1007 (9th Cir.1985), as amended, 784 F.2d 1407 (1986).
 
 
 4
 Title 28 U.S.C. Sec. 1738 "provides that the 'judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken.' " Trujillo, 775 F.2d at 1363 (quoting 28 U.S.C. Sec. 1738).
 
 
 5
 Under California law, "res judicata precludes a plaintiff from litigating a claim if: the claim relates to the same 'primary right' as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party ... in the prior action." Id. at 1366. Similarly, "a party will be [collaterally] estopped from relitigating an issue if: the issue raised in the present action is identical to that decided previously, the prior judgment was final and on the merits, and the person against whom estoppel is asserted was a party ... to the prior action." Id. at 1369.
 
 
 6
 In both California and federal courts, a voluntary dismissal with prejudice has the effect of a final judgment on the merits. Roybal v. University Ford, 255 Cal.Rptr. 469, 472 (Ct.App.1989); Beard v. Sheet Metal Workers Union, Local 150, 908 F.2d 474, 477 n. 3 (9th Cir.1990). Because "Title VII claims are within the exclusive jurisdiction of the federal courts," such claims cannot be precluded by res judicata based upon prior state proceedings. Trujillo, 775 F.2d at 1366. Prior state proceedings can have, however, collateral estoppel effects on Title VII claims. Id. at 1369.
 
 
 7
 Here, Tong does not dispute that: (1) the same "primary right"--the right to be free from employment discrimination based upon race, age, medical condition, and retaliation for filing EEOC claims--formed the basis for both his prior state and the instant federal actions (or that the issues raised in the current action were identical to those previously decided); (2) the prior state judgment was final on the merits; and (3) he was a party in the prior action. Instead, Tong argues that voluntary dismissal of his state court action resulted from clerical error because an illness prevented him from checking the status of the case and the EEOC investigation was still pending. This argument lacks merit.
 
 
 8
 Even assuming that Tong mistakenly allowed his state court action to be dismissed, the time period for requesting relief from the judgment expired over three years before he filed his federal action. See Cal.Civ.Proc.Code Sec. 473 (West Supp.1994) (6-month limitation for seeking relief from dismissal order); see also Roybal, 255 Cal.Rptr. at 472 & n. 4 (same). Because the state court judgment was a final judgment on the merits, Tong's state law claims are barred by res judicata, and collateral estoppel bars him from pursuing previously raised issues under Title VII. See Trujillo, 775 F.2d at 1370. Similarly, Tong's ADEA claim is barred by collateral estoppel. For these reasons, the district properly dismissed Tong's action.
 
 
 9
 Tong contends that the district court's decision to shorten the time for First Interstate to file its summary judgment motion denied him a full and fair opportunity to oppose the motion. This contention is without merit.
 
 
 10
 Fed.R.Civ.P. 56(c) requires a motion for summary judgment to "be served at least 10 days before the time fixed for the hearing." When service is made by mail, 3 days are added to the prescribed period. Fed.R.Civ.P. 6(e). Under the Local Rules for the Central District of California, however, a motion served upon a party by mail must be served no later than 24 days before the hearing date. C.D.Cal.Local R. 7.4. The district has discretion to shorten the time period. Id. Opposition papers must be served at least 14 days before the hearing date. C.D.Cal.Local R. 7.6.
 
 
 11
 Here, the district court initially scheduled a pretrial conference for March 29, 1993, and set the trial date for April 13, 1993. On March 15, however, the district court scheduled a hearing on April 6, 1993 for First Interstate's summary judgment motion, ordered First Interstate to file its moving papers by March 19, 1993, allowed Tong 10 days to file his opposition, and rescheduled the trial date for April 27, 1993.
 
 
 12
 Because the hearing on the summary judgment motion was only 21 days before the trial date, it appears that the court did not abuse its discretion by ordering First Interstate to file its motion 17 days before the hearing, rather than 24. Despite the fact that First Interstate was given only 4 days to file a summary judgment motion, Tong still was given the required 10 days to file his opposition. Therefore, Tong's complaints regarding a "full and fair opportunity" are baseless.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3